J-A23038-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| MARK ANDREW MEUCCI, | : | |
| | : | |
| Appellant | : | No. 1851 WDA 2013 |

Appeal from the Judgment of Sentence entered on December 2, 2010
in the Court of Common Pleas of Erie County,
Criminal Division, No. CP-25-CR-0000574-2010

BEFORE:  DONOHUE, ALLEN and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:          **FILED OCTOBER 31, 2014**

Mark Andrew Meucci ("Meucci") appeals from the judgment of sentence entered following his conviction of involuntary deviate sexual intercourse ("IDSI") with a child and aggravated indecent assault of a child.[1] We affirm.

On August 12, 2010, Meucci entered guilty pleas to the above-described charges.  On December 2, 2010, the trial court sentenced Meucci to 20 to 40 years in prison for his conviction of IDSI with a child, and a concurrent prison term of 10 to 20 years for his conviction of aggravated indecent assault of a child.  Meucci filed no post-sentence motions or direct appeal.

The trial court described what next transpired as follows:

---

[1] 18 Pa.C.S.A. §§ 3123, 3125.

On December 23, 2012, [Meucci] filed a Motion for Reinstatement of Appellate Rights and Post-Sentencing Rights, which [the trial c]ourt accepted as a first [Post-Conviction Relief Act ("PCRA")[2]] Petition, and appointed Attorney [William J.] Hathaway as PCRA counsel. Upon the Commonwealth's concession, [Meucci's] PCRA Petition was granted on April 25, 2013. After [the trial c]ourt granted Attorney Hathaway's [request for leave to withdraw from representation], Attorney [Charles W.] Sacco entered his appearance on May 24, 2013.

On May 24, 2013, [Meucci's] Post-Sentence Motion for Sentence Modification was filed. Therein [Meucci] request[ed] that [the trial c]ourt reconsider and/or modify the sentence imposed [for his conviction of IDSI with a child]….

Trial Court Opinion, 9/23/13, at 1-2 (footnote added). After a hearing, the trial court denied Meucci's post-sentence Motion. Thereafter, Meucci filed the instant timely appeal, followed by a court-ordered Pa.R.A.P. 1925(b) Concise Statement of Matters Complained of on Appeal.

In this appeal, Meucci presents the following claims for our review:

[1.] Was the sentence of [Meucci for IDSI with a child] the result of abuse of discretion[,] as manifested on the record by the unwillingness of the court to consider the numerous mitigating factors which applied to the case?

[2.] Was the sentence of [Meucci for IDSI with a child] the result of abuse of discretion[,] as manifested on the record[,] when the court found in the prior record of [Meucci] the elements of lack of self-control, social control and self-gratification[,] which were used to justify the manifestly excessive sentence imposed [at that count]?

[3.] Did the imposition of the maximum sentence [for IDSI with a child] constitute a *de facto* aggravated range sentence[,] which was imposed without justification either on the record or in the underlying facts of the case?

---

[2] 42 Pa.C.S.A. §§ 9541-9546.

[4.] Does a review of the sentencing transcript as a whole lead to the conclusion that the sentence of [Meucci] cannot be divorced from the appearance of bias?

Brief for Appellant at 3.[3]

Meucci challenges the discretionary aspects of his sentence for IDSI with a child. Before we reach the merits of such a claim,

we must engage in a four part analysis to determine: (1) whether the appeal is timely; (2) whether [the a]ppellant preserved his issues; (3) whether [the a]ppellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is inappropriate under the sentencing code. *Commonwealth v. Hyland*, 2005 PA Super 199, 875 A.2d 1175, 1183 (Pa. Super. 2005). The third and fourth of these requirements arise because [an a]ppellant's attack on his sentence is not an appeal as of right. *Id.* Rather, he must petition this Court, in his concise statement of reasons, to grant consideration of his appeal on the grounds that there is a substantial question. *Id.* Finally, if the appeal satisfies each of these four requirements, we will then proceed to decide the substantive merits of the case. *Id.*

*Commonwealth v. Corley*, 31 A.3d 293, 296 (Pa. Super. 2011).

Here, Meucci timely filed his Notice of appeal, preserved his claims in a post-sentence Motion, and included in his brief the Pa.R.A.P. 2119(f) Statement of reasons relied upon for allowance of appeal. We also observe that a claim that a sentence, which is within the statutory limits is excessive

---

[3] Meucci's guilty plea does not bar these discretionary sentencing challenges, because there was no agreement as to the sentence Meucci would receive. *See Commonwealth v. Ritchey*, 779 A.2d 1183, 1185 (Pa. Super. 2001) (acknowledging precedent that where there are no sentencing restrictions in the plea agreement, the entry of a guilty plea will not preclude a subsequent challenge to the discretionary aspects of sentencing).

can raise a substantial question. **Commonwealth v. Mouzon**, 812 A.2d 617, 627-28 (Pa. 2002) (plurality). This Court also has concluded that an excessive sentence claim, in conjunction with an assertion that the sentencing court did not consider mitigating factors, raises a substantial question. **Commonwealth v. Perry**, 883 A.2d 599, 602 (Pa. Super. 2005).

Meucci first argues that the trial court exhibited bias in sentencing him, resulting in an excessive sentence. Brief for Appellant at 10. According to Meucci, the following comment by the sentencing judge indicated its unwillingness to consider mitigating circumstances, as required by the Sentencing Code:

> THE COURT: How could I possibly? This is a plea to [IDSI] with a minor that is at the time six years old. How could I possibly ever find something mitigated about that?

N.T. (Sentencing), 12/2/10, at 7-8. Meucci asserts that "any reasonable reading of that statement indicates a mind-set on the part of the sentencing court which contains an overt bias towards [Meucci] based solely upon the nature of the offense." Brief for Appellant at 10. Meucci's claim raises a substantial question. **See Perry**, 883 A.2d at 602.

In reviewing a sentence on appeal, the appellate court shall vacate the sentence and remand the case to the sentencing court with instructions if it finds that

> (1) the sentencing court purported to sentence within the sentencing guidelines but applied the guidelines erroneously;

- 4 -

(2) the sentencing court sentenced within the sentencing guidelines but the case involves circumstances where the application of the guidelines would be clearly unreasonable; or

(3) the sentencing court sentenced outside the sentencing guidelines and the sentence is unreasonable.

In all other cases[,] the appellate court shall affirm the sentence imposed by the sentencing court.

42 Pa.C.S.A. § 9781. We also observe that, when imposing a sentence, a court is required to consider the particular circumstances of the offense and the character of the defendant. *Commonwealth v. Moury*, 992 A.2d 162, 171 (Pa. Super. 2010). "In particular, the court should refer to the defendant's prior criminal record, his age, personal characteristics and his potential for rehabilitation." *Id.*

Our review of the record discloses that the sentencing court did, in fact, consider the mitigating evidence presented by Meucci. At the hearing, Meucci's counsel placed on the record the relevant mitigating factors:

> [Defense counsel]: First off, it is primarily the singular nature of this offense. There's nothing in his history—past history—to indicate this is something that is a predicate for future behavior. In essence, [] Meucci is a thief, not a violent man. There were some incidents when he was about 15 as a juvenile. That's half his life ago.
>
> The Sexual Offender Assessment Board detailed that he was not a sexually violent predator, and as I said, I don't believe these two facts coagulate to indicate [that] … this is not a predicate for future action. So to that end[,] society is, I believe, amply protected by the imposition of a concurrent sentence and into the mitigated range.
>
> In closing, I'd like to say[,] unfortunately[,] no one leaves this hearing without being characterized as a victim because of

[] Meucci's actions; certainly not the victims, certainly not the family members, and I would argue to some extent even [] Meucci. And I would ask that the Court structure a sentence as opinionated in the sentencing memorandum.

THE COURT: How could I possibly? This is a plea to [IDSI] with a minor that is at the time six years old. How could I possibly ever find anything mitigated about that?

[Defense Counsel]: I believe the fact that there was nothing in his past to indicate that this is a behavior beyond one incident.

THE COURT: We almost never see that because society identifies people who do this and locks them up for so long that they are almost never permitted to reoffend. So almost always when we see one of these charges of IDSI with a minor or sexual assault on a small child, it's almost always the first and only manifestation of that behavior, right?

[Defense Counsel]: I wouldn't go to the extreme to say always. We often hear of paroled sex offenders doing it again.

N.T., 12/2/10 (Sentencing), at 7-8. The sentencing court then expressed its concern that Meucci could commit additional offenses:

THE COURT: … I'm simply saying the release dates seem awful lenient out there.

Here's the problem: whether he's going to reoffend or not, we have to address the conduct here. And what do you say? He took drugs and used alcohol or marijuana as a disinhibiting effect; is that what prompted this?

[Defense Counsel]: From all I read, I don't understand what the motivation is behind his actions.

*Id.* at 9. Upon inquiry, Meucci was unable to state the motivating factors that prompted his offense. *Id.* at 9-10. Finally, the trial court placed on the records its reasons for sentencing Meucci:

THE COURT: … I've thought about this case. I've considered the Pennsylvania Sentencing Code and its various factors. I've looked at this. I've waited until now to come out here and decide what I'm going to do. I wanted to see [Meucci].

A couple of things said here this morning I think have traction. First of all, it's true [Meucci] has no prior record like this, and I think I've indicated why we rarely permit people to have a prior record like this because we treat the first one sufficiently seriously. Nevertheless, [Meucci] does have a significant prior record, and that prior record speaks to today, because [Meucci's] steps, it seems to the Court, picking up on the theme of the prosecution, simply speak to the act of taking what he wants. No matter what the social control presented to him is, he simply gratifies his desire by action, whether it's disorderly conduct, theft or some other kind of offense.

We have someone who gratifies himself by taking. He took things from this child that can never be replaced and can't even be understood in my view, and I'm not going to try to capture them here. But this is another act of taking for self-gratification. It's consistent, although different, but I see a theme.

He has no prior record. I'm going to impose the following sentence: He violated the trust of this child, he violated the trust of this family who had taken him in, and he committed a crime at the very height of criminality in the Commonwealth of Pennsylvania.

Let the record also reflect, despite my cavalier comments about California, I'm not in any way fashioning a sentence here to send a message to anybody west of the Allegheny River. So this is just about what's happening in court today and this defendant….

Count one, [IDSI] with a child. In this case the child is six years old. I'm going to impose a sentence at the top end of the standard range, which is 240 to 480 months in jail.

On count two, aggravated assault of a child, I'm going to impose a sentence of ten to twenty years, but I'm going to run those two sentences concurrent. I'm not going to run them consecutive. The harm here, the criminality of [Meucci's]

conduct and the punishment is captured in count one. To go beyond that would be to impose a sentence that's excessive. So these two sentences run concurrent, not consecutive.

*Id.* at 14-16. Finally, the trial court stated on the record that it had reviewed the presentence investigation report and letters on behalf of Meucci. N.T., 12/2/10, at 4; *see also Commonwealth v. Griffin*, 65 A.3d 932, 937 (Pa. Super. 2013) (internal quotation marks and citation omitted) (stating that "[w]here the sentencing court had the benefit of a presentence investigation report …, we can assume the sentencing court was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors.").

Based upon the foregoing, we cannot conclude that the trial court refused to consider mitigating circumstances, or exhibited bias towards Meucci. Rather, the trial court considered and weighed the mitigating evidence. Accordingly, we cannot grant Meucci relief on this claim.

Meucci next argues that the trial court improperly considered his criminal history, by equating his prior offenses, "such as disorderly conduct and theft, with the manifestly more serious sexually oriented crimes such as those for which [Meucci] is being sentenced …." Brief for Appellant at 11. According to Meucci, the trial court's comments in this regard cannot be separated from the appearance of bias. *Id.* at 11-12.

As set forth above, the trial court properly considered the evidence, including Meucci's prior record. We do not discern from the record any

evidence of bias by the trial court in sentencing Meucci. Accordingly, we cannot grant him relief on this issue.

Meucci also argues, in his Rule 2119(f) Statement, that

> [a] review of the Pennsylvania Commission on Sentencing Guideline Sentence Forms employed by the sentencing court reveal an upper end standard range sentence of 240 months at Count One [IDSI of a child] and 120 months at Count Two [aggravated indecent assault of a child]. This dramatic difference seems to find no logic in the nature and elements of the two crimes which have been determined to have gravity scores of 14 and 12 respectively. The guideline forms reinforce the dramatic differences in the entries marked "Statutory Limits" wherein the minimum and maximum sentences are two times greater for Count One than Count Two. [Meucci] contends that the application of the enhanced sentencing provision at 18 Pa.C.S.[A. §] 3123(d)(1), which permits a maximum sentence of forty (40) years, has adversely [a]ffected the calculations used to determine the Standard Range sentence at that charge. This would help to explain the dramatic and unfathomable differences in the sentencing ranges for Counts One and Two….

Brief for Appellant at 7-8.

Meucci appears to challenge the effects of the sentence enhancement on the calculations for a standard range sentence. However, Meucci does not support his claim with any case law or authority that would invalidate the sentence enhancement, as applied in this case. *See* Pa.R.A.P. 2119(a) (providing, in relevant part, that the argument section of an appellate brief shall include a heading with "the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent"). As such, we cannot grant him relief as to this issue.

To the extent that Meucci claims that the trial court failed to state its awareness of the applicable ranges in the Sentencing Guidelines, we conclude that although his claim raises a substantial question, he is not entitled to relief. *See Commonwealth v. Twitty*, 876 A.2d 433, 438 (Pa. Super. 2005) (wherein this Court determined that a substantial questions exists where the appellant asserted the sentencing court's failure to adequately indicate that it had considered the Sentencing Guidelines as to each of the appellant's convictions).

Our Supreme Court has determined that "where the trial court is informed by a presentence report, it is presumed that the court is aware of all appropriate sentencing factors and considerations, and that where the court has been so informed, its discretion should not be disturbed." *Commonwealth v. Ventura*, 975 A.2d 1128, 1135 (Pa. Super. 2009). Further, where a sentence is within the standard range of the guidelines, Pennsylvania law views the sentence as appropriate under the Sentencing Code. *Moury*, 992 A.2d at 171.

Our review of the record discloses that the trial court had the benefit of a presentencing investigation report. N.T., 12/2/10, at 4. In sentencing Meucci, the trial court also indicated its awareness of the sentencing guidelines, and its intention to sentence Meucci at the top end of the guidelines ranges. *Id.* at 15. Because the record does not support Meucci's claim, we affirm his judgment of sentence.

J-A23038-14

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/31/2014