**COMMONWEALTH of Pennsylvania,**
**Appellee,**

v.

**Jacob A. RITCHEY, Appellant.**

Superior Court of Pennsylvania.

Argued Feb. 14, 2001.

Filed July 2, 2001.

---

Ralph T. Forr, Altoona, for appellant.

David C. Gorman, Asst. Dist. Atty., Hollidaysburg, for Commonwealth.

Before: JOHNSON, HUDOCK and HESTER, JJ.

HUDOCK, J.

¶ 1 This is an appeal from the judgment of sentence imposed after Appellant entered an open plea of guilty to one count of aggravated assault.[1] His conviction was the result of an incident where, in the early morning hours of July 20, 1999, he and an accomplice drove past the Dick family residence and fired at least eleven shots into the house using a semi-automatic rifle. Although Appellant believed the house to be the residence of Arthur Decker, Decker actually lived two doors down. Bullet holes were found above the baby's crib and in the headboard of the daughter's bed. Immediately following the court's acceptance of his guilty plea, Appellant waived the preparation of a presentence report and the court sentenced him to the maximum term of ten to twenty years of imprisonment. A timely filed post-sentence motion was denied without a hearing. This appeal followed in which Appellant challenges the discretionary aspects of his sentence. We vacate Appellant's sentence and remand for resentencing.

¶ 2 Initially, we note that sentencing is a matter vested in the sound discretion of the sentencing judge, whose judgment will not be disturbed absent an abuse of discretion. *Commonwealth v. Johnson*, 446 Pa.Super. 192, 666 A.2d 690, 693 (1995). Appellant challenges the discretionary aspects of sentencing for which there is no automatic right to appeal. *Commonwealth v. Koren*, 435 Pa.Super. 499, 646 A.2d 1205, 1207 (1994). This appeal is, therefore, more appropriately considered a petition for allowance of appeal. 42 Pa.C.S.A. § 9781(b). Two requirements must be met before a challenge to the judgment of sentence will be heard on the merits. *Koren*, 646 A.2d at 1207. First, the appellant must set forth in his brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of his sentence. *Id.*; Pa.R.A.P. 2119(f). Second, he must show that there is a substantial question that the sentence imposed is not appropriate under the Sentencing Code. 42 Pa.C.S.A. § 9781(b); *Commonwealth v. Urrutia*, 439 Pa.Super. 227, 653 A.2d 706, 710 (1995).

¶ 3 The determination of whether a particular issue raises a substantial question is to be evaluated on a case-by-case basis. *Commonwealth v. Maneval*, 455 Pa.Super. 483, 688 A.2d 1198, 1199–1200 (1997). Generally, however, in order to establish a substantial question, the appellant must show actions by the sentencing court inconsistent with the Sentencing Code or contrary to the fundamental norms underlying the sentencing process. *Id.*

¶ 4 Appellant's Rule 2119(f) statement reads, in pertinent part, as follows:

It is respectfully submitted that in this case the Court, by sentencing [Appellant] to the statutory maximum of ten to twenty years for one count of aggravated assault as a felony in the first degree, imposed a sentence well outside of the aggravated range of the guidelines and did so without setting forth

---

1. 18 Pa.C.S.A. § 2701(a). As part of the plea agreement, nineteen additional counts of attempted murder, 18 Pa.C.S.A. sections 901(a) and 2501, aggravated assault, 18 Pa.C.S.A. sections 2701(a)(1) and 2701(a)(4), and recklessly endangering another person, 18 Pa. C.S.A. section 2705, were *nol prossed*. Because there was no agreement as to the sentence to be imposed, however, Appellant's discretionary challenge to his sentence is properly before us. *See Commonwealth v. Dalberto*, 436 Pa.Super. 391, 648 A.2d 16, 20 (1994) (explaining that, where there are no sentencing restrictions in the plea agreement, the entry of a guilty plea will not preclude a challenge to the discretionary aspects of sentencing).

sufficient reasons to justify such a gross deviation. In reaching its decision, the Court unfairly focused solely on the circumstances of the crime, failing to take into account [Appellant's] cooperation with the police, his participation as an accomplice, his education, his character or any other mitigating factor that may have been pertinent in making a decision in regard to sentencing. Furthermore, the Court did not avail itself to any presentence investigation at the time of sentencing and, therefore, it cannot be assumed that the Court had the necessary information required in order to render an appropriate sentence.

This Court has found that in instances where the trial court deviates substantially from the sentencing guideline range "it is especially important that the court consider all factors relevant to the determination of a proper sentence." *Commonwealth v. Ruffo [*360 Pa.Super. 180], 520 A.2d 43, [47] (Pa.Super.1987).

Furthermore, failure to consider any factor other than the nature of the crime involved is an abuse of discretion. *Id.* at 46, 48. . . .

In its statement of reasons for deviating from the guidelines, the Court inadequately stated that its basis for the departure was that the sentencing guidelines and the Sentencing Commission could not have envisioned this type of situation.

The Court failed to elaborate on what factors it considered in rendering its decision besides the Court's bald assertion that it considered those factors contained in the sentencing code. In essence, the Court failed to place on the record those factors concerning [Appellant's] character it considered in order to ensure that a dispassionate and balanced sentence was imposed.

Therefore it is submitted that a substantial issue is presented concerning the discretionary aspect of the sentence imposed by the Judge in this matter. Appellant's Brief at 10–11.

■ ¶ 5 Appellant's claims that the sentencing court provided insufficient reasons for the sentence imposed and focused solely on the seriousness of the offense raise substantial questions. *See Commonwealth v. Rodda,* 723 A.2d 212, 214 (Pa.Super.1999) (*en banc*) (explaining that an assertion that the sentencing court failed to sufficiently state reasons for imposing sentence outside the sentencing guidelines raises a substantial question); *Commonwealth v. Mickell,* 409 Pa.Super. 595, 598 A.2d 1003, 1008 (1991) (holding that the sentencing court may not base its sentence upon the seriousness of the crime alone). Thus, we shall consider the merits of these claims.

■ ¶ 6 Appellant entered a guilty plea to one count of aggravated assault, graded as a felony of the first degree. Given an offense gravity score of ten and Appellant's prior record score of two, as well as the enhancement for use of a deadly weapon,[2] the sentencing guidelines recommended a standard minimum range sentence of fifty-four months to sixty-six months, plus or minus twelve months for the aggravated and mitigated minimum range sentences. Appellant's minimum sentence of ten years or 120 months, therefore, deviated from the guideline ranges. Because the sentence deviated from the guidelines, the court was required to provide a contemporaneous written statement of its reasons for doing so. *Commonwealth v. Wagner,* 702 A.2d 1084, 1086 (Pa.Super.1997). This requirement is satisfied when the court states its reasons for the sentence on the record and in the defendant's presence. *Commonwealth v.*

2. *See* 204 Pa.Code § 303.10 and § 303.18.

*Smith,* 369 Pa.Super. 1, 534 A.2d 836, 838 (1987).

¶ 7 Directly after accepting Appellant's guilty plea, the sentencing court was informed that Appellant waived the preparation of a presentence report. The court then stated:

> The court having considered the purposes of the sentencing, [sic]
>
> Those factors that have been set forth in the Sentencing Code,
>
> Those of rehabilitation of the individual, punishment of the individual, the interest of society balanced with the interest of the individual, or society's interest in the individual in being punished, as well as being rehabilitated[.]
>
> The Court having reviewed the Sentencing Guidelines which calls for the Aggravated Assault as a Felony of the First Degree a mitigated range of three and a half years or a standard range of four and a half dash five years, [sic] or an aggravated range of six and a half years, the Court having considered those Sentencing Guidelines, the Court considers all those Sentencing Guidelines to be inappropriate to the offense involved. The Sentencing Guidelines and the Sentencing Commission could not have envisioned a situation where at 2:30 in the morning, or 2:50 in the morning a family, who has done nothing to expect an attack on their house with a semi-automatic high powered rifle, with a child in its crib, having a bullet pass over its head within inches, there is no way that the Sentencing Guidelines are enough. There is no way any kind of maximum sentence could restore the peace and tranquility to that family that suffered this attack because this individ-

ual had a running feud or dislike for another person. That this individual empowered either himself or another individual[3] to engage in such an obnoxious aggravated assault on these individuals cannot be tolerated by society.

> Having stated that as the reason for the sentencing, the Court proceeds to sentence:

Order, 3/27/00, at 2–3. The court then imposed upon Appellant a ten to twenty year sentence of incarceration.

 ¶ 8 After careful review, we are constrained to conclude that the sentencing court abused its discretion when imposing the above sentence on Appellant. Although the trial court began its statement of reasons with its recitation that, in the words of the Commonwealth, it had considered the "tri-fold purposes of sentencing . . . the rehabilitation of the [d]efendant, punishment and deterrence," Commonwealth's Brief at 2, it made no further comment regarding Appellant's personal history, rehabilitative needs or background. As this Court has stated, "the judge's statement must clearly show that he has given individualized consideration to the character of the defendant." *Commonwealth v. Thomas,* 370 Pa.Super. 544, 537 A.2d 9, 13 (1988). Moreover, the remainder of the court's comment focused exclusively on the seriousness of the crime. Where the sentencing court deviates substantially from the sentencing guidelines, "it is especially important that the court consider all factors relevant to the determination of a proper sentence." *Commonwealth v. Ruffo,* 360 Pa.Super. 180, 520 A.2d 43, 47 (1987).

¶ 9 In the above comments, the sentencing court stated that it had considered the

---

**3.** Appellant gave statements to police that he and another man went to his house, he retrieved his gun from a locked gun cabinet, and that the two men traveled in Appellant's truck toward the Dick residence. He main-

tained throughout the proceedings, however, that this other person actually fired the gun into the Dick household. Appellant's alleged accomplice was questioned by the police and denied any involvement.

**1188**

sentencing guidelines, but that the guidelines "could not have envisioned" the factual circumstances of the present case. In *Ruffo*, the defendant, during the course of a botched burglary, kidnapped a family's two-year-old daughter from her bed, took her to an alleyway approximately one block from her residence and viciously assaulted her. At sentencing following the defendant's guilty plea, the court stated "that both in the Statute and the guidelines the Legislature probably didn't contemplate this type of situation would occur." *Ruffo*, 520 A.2d at 47, quoting N.T., 5/5/86, at 45–46. In reversing the defendant's judgment of sentence and remanding the case, this Court stated:

> Without question, [the defendant's] crime was outrageous. In deciding this appeal as we do today we do not mean to ignore or underestimate either the heinous nature of the crime or its impact on the lives of the victim and her family. Indeed, such factors require that [the defendant] be imprisoned for a substantial period. As grievous as the facts are, however, a sentencing court may not, as this court seemed to do, base its sentence upon the seriousness of the crime alone. . . .

> \* \* \*

> Our difficulty therefore lies in the [sentencing] court's failure to consider and evaluate, during the sentencing colloquy, the extenuating or mitigating circumstances present in this case. A review of the record demonstrates that, at the time of sentencing, [the defendant] was a young man of twenty-one and, more importantly, that he had had no significant contacts with the criminal

justice system. The mental health report indicates that [the defendant] has abused drugs and alcohol from a very young age and that he had been drinking and using drugs on the night of the incident. Additionally, [the defendant] confessed to the crime and subsequently pled guilty, thereby saving the victim's family the pain of hearing the whole story over again. Finally, the presentence investigation concludes that this offense was apparently "situational in nature and not indicative of a persistent problem regarding the subject and his involvement with violent assaultive behavior."

> On remand, these circumstances as well as any other indications of [the defendant's] history, character and condition must be weighed against the nature and circumstances of the crime and any additional aggravating circumstances present. We note further that, while the gravity of this offense is very high and the protection of the public is an important consideration, the confinement imposed must also be consistent with [the defendant's] rehabilitative needs.

*Ruffo*, 520 A.2d at 47–48 (footnotes omitted).

¶ 10 As in *Ruffo*, absent from the sentencing court's reasons for its sentence is any consideration of the character of Appellant or other "extenuating or mitigating circumstances," such as the fact that he was drinking on the night in question, that he entered a guilty plea and, allegedly, fully cooperated with the police. Moreover, while the Commonwealth apprised the court of Appellant's prior record, the court did not discuss these prior crimes[4]

---

4. According to the Commonwealth, Appellant was "not a stranger to the criminal justice system" since he had a prior record of "a Simple Assault in 1989, also Disorderly Conduct and a DUI resulting from that, another DUI in approximately the same time, Induc-

ing Minors to Buy Alcohol in 1989, Prohibitive Offensive Weapons in 1992, and I think another DUI in 1997." N.T., 3/27/00, at 15–16. The Commonwealth stated that it did not know the disposition of the 1997 offense. In-

in relation to Appellant's rehabilitative needs.

 ¶ 11 The sentencing court's improper focus upon the seriousness of the crime alone is even more apparent in the present case since, unlike the circumstances in *Ruffo*, the sentencing court in the present case did not have the benefit of a presentence report. While we are fully aware that Appellant waived the preparation of the report, this fact does not excuse the court's responsibility to ensure that it possesses sufficient information regarding a particular defendant. As this Court has recently stated:

> "The first responsibility of the sentencing judge [is] to be sure that he ha[s] before him sufficient information to enable him to make a determination of the circumstances of the offense and the character of the defendant." *Commonwealth v. Carter*, 336 Pa.Super. 275, 485 A.2d 802, 804 (1984). Thus, a sentencing judge must either order a PSI report or conduct sufficient presentence inquiry such that, at a minimum, the court is apprised of the particular circumstances of the offense, not limited to those of record, as well as the defendant's personal history and background. *See [Commonwealth v.] Martin*, 466 Pa. 118, 134 n. 26, 351 A.2d 650, 658 n. 26 (1976). While the extent of the presentence inquiry may vary depending on the circumstances of the case, "[a] more extensive and careful investigation is clearly called for in felony convictions, particularly where long terms of confinement are contemplated." *Id.*

*Commonwealth v. Goggins*, 748 A.2d 721, 728 (Pa.Super.2000) (*en banc*). *See also Commonwealth v. Johnson*, 2001 PA Super 60, 22, 768 A.2d 1177 (2001) (explaining that, in lieu of presentence report, the

court may not engage in merely a "superficial" inquiry; rather, the inquiry must reflect the court's familiarity with both the circumstances of the offense and the character of the defendant).

¶ 12 As this Court also reiterated in *Goggins*, "the court must be apprised of comprehensive information to make the punishment fit not only the crime but also the person who committed it." *Goggins*, 748 A.2d at 729. For all the reasons stated above, we hold that the sentencing court failed to meet this objective in the present case. *See id.* (holding that the court's awareness of the evidence adduced at trial and certain information received during the oral colloquy was no substitute for the "searching inquiry" required of a presentence investigation). Thus, upon remand, the sentencing court must consider and evaluate all relevant sentencing factors. "If, after following the required procedures, the sentencing court concludes that the sentence imposed is appropriate, it may [reimpose] its original sentence[.] ... If, alternatively, it determines that its original sentence is inappropriate, it shall resentence" Appellant "consistent with its findings on remand." *Ruffo*, 520 A.2d at 49.

¶ 13 Judgment of sentence vacated and case remanded for resentencing. Jurisdiction relinquished.

---

deed, at the sentencing hearing, the Commonwealth did not inform the court of the disposition of any of these charges.