**Commonwealth v. Wells**

*Brian Sinnett,* for Commonwealth.
*Kristin Rice,* for defendant.

GEORGE, *J.,* April 1, 2008—The defendant, Jessica Karen Wells, files this appeal alleging that this court abused its discretion in not imposing a mitigated range sentence following her conviction for escape. For the

reasons set forth below, affirmance of sentence is requested.

Wells was originally convicted of two counts of criminal conspiracy to deliver a controlled substance. Following sentencing, she was released from custody and directed to report to the Adams County Prison for service of her sentence on September 26, 2006. When she failed to report as directed, she was charged with escape in violation of section 5121 of the Pennsylvania Crimes Code. She was subsequently taken into custody on March 13, 2007. On November 13, 2007, Wells pled nolo contendere to the escape charge. After a pre-sentence investigation was performed and reviewed by the court prior to sentencing, Wells was sentenced to serve no less than nine months nor more than 24 months in a state correctional institution. The minimum sentence imposed was at the bottom of the standard range of the Pennsylvania Sentencing Guidelines.[1]

Initially, I note that sentencing is a matter vested to the sound discretion of the sentencing judge whose judgment will not be disturbed absent an abuse of discretion. *Commonwealth v. Perry*, 883 A.2d 599, 602 (Pa. Super. 2005). To establish an abuse of discretion, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision. *Commonwealth v. Mouzon*, 828 A.2d 1126, 1128 (Pa. Super. 2003). In determining whether

---

1. The pre-sentence investigation revealed that Wells' prior record score was two and the offense gravity score was six.

a sentence is unreasonable, the discretion of the sentencing court is given great weight as the sentencing judge is in the best position to measure factors such as the nature of the crime, the defendant's character, and the defendant's display of remorse, defiance, or indifference. *Commonwealth v. Ellis,* 700 A.2d 948, 958 (Pa. Super. 1997).

Since Wells' sentence is within the statutory maximum fixed by the legislature, Wells challenges the discretionary aspect of her sentence. In challenging the discretionary aspect of a sentence, two requirements must be met before the challenge will be heard on the merits. First, the appellant must set forth a concise statement of reasons relied upon for allowance of appeal with respect to the discretionary aspects of the sentence. *Commonwealth v. Ritchey,* 779 A.2d 1183, 1185 (Pa. Super. 2001). Secondly, the appellant must show that there is substantial question that the sentence imposed is not appropriate under the Sentencing Code.

Instantly, Wells was sentenced to a minimum sentence near the bottom of the standard guideline range. This court had the benefit of a pre-sentence report and was aware of all relevant information regarding Wells' character. See *Commonwealth v. Perry,* 883 A.2d 599, 605 (Pa. Super. 2005). In imposing sentence, Wells was advised of this court's reasoning. See sentencing tr., January 11, 2008, p. 11. There is no substantial question presented.

The essence of Wells' appeal is that she claims the sentencing court did not consider mitigating evidence including a claim that her criminal conduct was a result

of an anxiety disorder and that her two children, including an infant, need her assistance.[2] Both claims are belied by the record.

Initially, I note that the court not only considered, but also commented on Wells' request to be available for her children. See sentencing tr., pp. 11-12. Unfortunately for Wells, the court found that other factors, including her failure to take advantage of previous rehabilitative opportunities, outweighed her request. This court's unwillingness to give Wells the sentence that she wanted is simply not an abuse of discretion.

Similarly, contrary to the representations of Wells, the psychiatric information reviewed by the court at the time of sentencing revealed nothing more than Wells' self-motivated claims of being in a "very stressful situation." Also, contained in the psychiatric report is a notation that "for unclear reasons, Jessica fled the law . . . ." She described fear of the consequences, such as incarceration, as a reason for fleeing. Interestingly, Wells' current claims also contradict earlier statements made by her. For instance, at a bail proceeding conducted on June 28, 2007, Wells offered that while she "was on the run as soon as I found out I was pregnant I was trying to get in touch with my mom and trying to see what my legal options were about my first case and turning myself in and I was in the process of all that." June 28, 2007 tr., p. 8. Although at sentencing, her mother submitted correspondence that she failed to

---

2. At sentencing, Wells made no suggestion that her actions were caused by a psychiatric condition but rather she proclaimed: "I stand before your honor today to take full responsibility for all of my actions." Sentencing tr., p. 2.

report to the Adams County Prison due to an anxiety attack, when asked at the June 28, 2007 proceeding as to where her daughter was residing, she indicated that she was unable to account for her daughter's behavior or residence during her several month absence as she was unaware of her status during that time. As such, the record paints a much different picture than Wells' current claim that she was significantly overcome with an anxiety attack that mitigated her failure to report.

The overall tone of Wells' claim ignores the fact that her conduct is exactly of the nature of conduct which the legislature prohibited through criminal sanction. Wells failed to report to the Adams County Prison after being granted leave because she was afraid of incarceration. She fled not only authorities but disappeared from her residence for approximately six months. During that time, her whereabouts are unaccounted for with the exception that she conceived a child to a man whose whereabouts are currently unknown. There is a complete paucity of any indication that Wells attempted to address her "severe panic attacks" through medical intervention between the date of her ordered report and the date she was ultimately taken into custody. Her current claims are nothing more than further proof that Wells continuously minimizes her criminal conduct. See sentencing tr., p. 11. Quite frankly, rather than suggesting that this court should have sentenced in a mitigated range, Wells should be thankful she was not sentenced in the aggravated range.

For the foregoing reasons, it is requested that Wells' sentence be affirmed.