J-S49006-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DERRICK BUTTS | |
| Appellant | No. 1583 EDA 2013 |

Appeal from the Judgment of Sentence May 1, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0016103-2009

BEFORE:  OLSON, OTT and STABILE, JJ.

MEMORANDUM BY OLSON, J.:                **FILED SEPTEMBER 25, 2014**

Appellant, Derrick Butts, appeals from the judgment of sentence entered on May 1, 2013.  We affirm.

The trial court has provided us with a succinct explanation of the underlying facts and procedural posture.  As the trial court explained:

> On November 9, 2009[, Appellant] was arrested and charged with[ burglary and conspiracy to commit burglary.[1]] . . . On June 2, 2011[, Appellant], pursuant to a negotiated plea agreement with the Commonwealth, entered a plea of guilty to these charges.  On that same date, pursuant to the plea agreement, [Appellant] was sentenced to [serve two concurrent terms of 11 months and 15 days to 23 months in jail, followed by five years of probation.  The trial court ordered that Appellant was immediately paroled to home confinement].

_____

[1] 18 Pa.C.S.A. §§ 3502(a) and 903(a), respectively.

> On July 3, 2012[, Appellant] was arrested and charged with [possession of a firearm by a prohibited person.[2]]  On April 18, 2013, [following a violation of probation hearing, the trial court determined that Appellant was] in violation of his probation on [the two underlying] burglary [convictions].  On May 1, 2013, [the trial court resentenced Appellant to serve an aggregate term of five to ten years in prison for the underlying burglary convictions].

Trial Court Opinion, 11/19/13, at 1-2.

Appellant filed a timely notice of appeal and now raises the following claim before this Court:

> Was not the [trial] court's sentence of five to ten years excessive, unreasonable, and lacking adequate justification?

Appellant's Brief at 4.

Appellant does not challenge the revocation of his probation or the fact that the trial court imposed a sentence of total confinement.  Rather, Appellant objects to the length of his sentencing term, which is a challenge to the discretionary aspects of his sentence.  **Commonwealth v. Rhoades**, 8 A.3d 912, 916 (Pa. Super. 2010) (claim that sentence is excessive is a challenge to the discretionary aspects of a sentence).

We note that "sentencing is a matter vested in the sound discretion of the sentencing judge, whose judgment will not be disturbed absent an abuse of discretion."  **Commonwealth v. Ritchey**, 779 A.2d 1183, 1185 (Pa. Super. 2001).  Moreover, pursuant to statute, Appellant does not have an

_____

[2] 18 Pa.C.S.A. § 6105.

automatic right to appeal the discretionary aspects of his sentence. *See* 42 Pa.C.S.A. § 9781(b). Instead, Appellant must petition this Court for permission to appeal the discretionary aspects of his sentence. *Id.*

As this Court has explained:

> To reach the merits of a discretionary sentencing issue, we conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, Pa.R.A.P. 902, 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, Pa.R.Crim.P. [708]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 [Pa.C.S.A.] § 9781(b).

*Commonwealth v. Cook*, 941 A.2d 7, 11 (Pa. Super. 2007); *Commonwealth v. Kalichak*, 943 A.2d 285, 289 (Pa. Super. 2008) ("when a court revokes probation and imposes a new sentence, a criminal defendant needs to preserve challenges to the discretionary aspects of that sentence either by objecting during the revocation sentencing or by filing a post-sentence motion"); *Commonwealth v. Cartrette*, 83 A.3d 1030, 1042 (Pa. Super. 2013) ("issues challenging the discretionary aspects of a sentence must be raised in a post-sentence motion or by presenting the claim to the trial court during the sentencing proceedings. Absent such efforts, an objection to a discretionary aspect of a sentence is waived").

In the case at bar, Appellant did not object to his sentence during the sentencing hearing and, following sentencing, Appellant did not file a motion to modify his sentence. Therefore, Appellant has waived his discretionary

aspects of sentencing claim. *Kalichak*, 943 A.2d at 289; *Cartrette*, 83 A.3d at 1042.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/25/2014