J-S21009-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| CARNELL THOMAS, | |
| Appellant | No. 3552 EDA 2013 |

Appeal from the Judgment of Sentence June 26, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0000259-2012

BEFORE: BOWES, JENKINS, and PLATT,* JJ.

MEMORANDUM BY BOWES, J.:                    **FILED APRIL 10, 2015**

Carnell Thomas appeals from the judgment of sentence of nine to twenty-three years imprisonment that the court imposed after he was convicted at a bench trial of one count each of burglary and possession of an instrument of crime and six counts each of simple assault and unlawful restraint. We reject his challenges to the discretionary aspects of his sentence and affirm.

The trial court set forth the facts adduced by the Commonwealth in support of the outlined convictions:

> Ms. Elaine Wilson, the first complainant in this case, testified that on September 10, 2011, she was at her house on the 200 block of South 50th Street when her son Anthony Wilson walked inside and told her that there was a fight going on outside on the street. She walked outside and observed her son's friend Steve fighting with Defendant. After the fight ended, Ms. Wilson went back into the house and Anthony and Steve then went up to the third floor of the house.

_____

* Retired Senior Judge assigned to the Superior Court.

A few moments later, Defendant and his brother entered the house and pointed a gun at Malik Wilson, Ms. Wilson's grandson, backing him into the living room. Defendant then pointed the gun at Ms. Wilson and her children Denae Wilson, Sherri Scott, Joyce Wilson, and Tyreek Wilson, who were all seated on the couch. Ms. Wilson testified that the gun was a small black revolver. Defendant and his brother ordered Ms. Wilson and her children to remain seated, and demanded that somebody go find Steve. Joyce Wilson went upstairs to find Steve, but instead sought help from her brother Sean Wilson. Ms. Wilson testified that she felt like she could not leave at this point and that she felt that her life was threatened.

As Sean Wilson entered the living room, Defendant pointed the gun at him. Mr. Wilson proceeded to grab Defendant and attempted to wrestle the gun from his hands. During the struggle the gun went off and the shot fired hit the ceiling fan and broke the attached glass light fixture, at which point everybody ran out of the house. Ms. Wilson, Anthony Wilson and Sean Wilson remained behind and were able to subdue Defendant until the police arrived.

Mr. Sean Wilson, Ms. Wilson's oldest son, corroborated the testimony of Ms. Wilson. Mr. Wilson testified that on September 10, 2011, he was at his house on 209 South 50th Street at approximately 10:00 pm when his sister Joyce Wilson came upstairs seeking help [with respect to] a gunman in the living room. Sean testified that as he entered the living room he saw Defendant pointing a black revolver at him. Mr. Wilson immediately proceeded towards Defendant and attempted to wrestle the gun out of his hand. During the struggle he heard and felt the gun-go off. [Sean] Wilson and Anthony Wilson were able to obtain the gun and hold Defendant down until the police arrived.

Philadelphia Police Officer Tamika Reid testified that while she was on duty on September 10, 2011, between 10:00 pm and 11:00 pm, she responded to a radio call indicating a person screaming for help at 209 South 50th Street. Upon entering the house, Officer Reid observed several occupants of that property holding a male inside the property. Officer Reid also testified

that she observed broken glass on the floor from a shattered ceiling fan light fixture. Officer Reid identified Defendant as the man being held.

. . . .

Mr. Malik Wilson, Ms. Wilson's grandson, corroborated the testimony of Mr. and Ms. Wilson. He testified that Defendant entered his house on 209 South 50th Street at approximately 10 pm, and pointed a black revolver at his head and chest. Mr. Wilson testified that he felt like he was unable to leave the situation at this time.

Trial Court Opinion, 8/1/14, at 3-5 (citations to record and quotation marks omitted).

The matter proceeded to sentencing on June 26, 2013, where the trial court had the benefit of a presentence report. Additionally, Appellant's counsel spoke in mitigation of sentence, noting that Appellant had a prior record score of only one, had children, was working full time prior to this incident, was intoxicated when the crimes occurred, and obtained his GED while in jail. The trial court imposed an aggregate sentence of nine to twenty-three years. On the burglary conviction, Appellant was sentenced to two to six years, which was within the applicable guidelines[1] using the deadly weapon enhancement, weapon possessed matrix. The court imposed

_____

[1] The applicable guidelines were the 6th edition, effective June 3, 2005 to December 28, 2012.

sentences of one to two years, which exceeded the guidelines,[2] on the unlawful restraint and the simple assault convictions. The unlawful restraint and simple assault sentences were made concurrent to each other insofar as they pertained to a single victim, but the one to two year term was imposed consecutively as to all six victims. The sentence on PIC was one to five years, an aggravated range sentence, and that sentence was made consecutive to the other ones. No objection was raised to this sentence at the hearing.

Appellant filed a timely post-sentence motion for reconsideration of the sentence claiming that: 1) "the Court did not consider all of the factors" and the sentence imposed was excessive; and 2) "the cumulative sentence of 9 to 23 years is excessive considering Petitioner's limited prior record and excellent chance of being rehabilitated." Defendant's Post-Sentence Motion, 7/8/13, at ¶¶ 4, 5. This appeal followed denial of the post-sentence motion. Appellant complied with the trial court's directive to file a Pa.R.A.P. 1925(b) statement, and now raises this contention on appeal:

> I. Did the trial court abuse its discretion and violate general sentencing principles when the court sentenced [Appellant] to an aggregate sentence of nine (9) to twenty three (23) years of

_____

[2] The Commonwealth did not invoke the deadly weapon enhancement guidelines when it outlined the applicable guideline ranges for the simple assault and unlawful restraint convictions. N.T. Sentencing, 6/26/12, at 4.

state imprisonment?

Appellant's brief at 4.

A defendant does not have an absolute right to pursue a challenge to the discretionary aspects of his sentence. ***Commonwealth v. Raven***, 97 A.3d 1244, 1252 (Pa.Super. 2014). First, to preserve a discretionary sentencing claim, the defendant must raise it either during the sentencing proceedings or in a post-sentence motion. ***Commonwealth v. Cartrette***, 83 A.3d 1030, 1042 (Pa.Super. 2013) (*en banc*). Second, to obtain merits review of such a claim, an appellant must include a Pa.R.A.P. 2119(f) statement in his brief. ***Raven***, ***supra***; Pa.R.A.P. 2119(b) ("An appellant who challenges the discretionary aspects of a sentence in a criminal matter shall set forth in his brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence."). Finally, the Pa.R.A.P. 2119(f) statement must demonstrate "that there is a substantial question that the sentence imposed is not appropriate under the Sentencing Code. 42 Pa.C.S. § 9781(b)." ***Raven***, ***supra*** at 1252 (citation and quotation marks omitted). A substantial question warranting appellate review of a sentence is raised if the defendant avers that "the sentence violates either a specific provision of the sentencing scheme set forth in the Sentencing Code or a particular fundamental norm underlying the sentencing process." ***Id***.

Appellant's brief does contain the requisite statement. Appellant's brief at 8. In that statement, as well as in the argument portion of his brief, Appellant dissects his challenge to the sentence into two discrete aspects. First, Appellant complains that the court "failed to consider all relevant factors" in rendering its decision. *Id*. Second, he argues that the sentence is manifestly excessive as grossly disproportionate to his crime and that the trial court "failed to provide adequate reasons for the sentence on the record" especially with respect to the sentences that exceeded the applicable guidelines. *Id*. These positions raise a substantial question warranting appellate review. ***Commonwealth v. Raven***, 97 A.3d 1244, 1253 (Pa.Super. 2014) ("It is well-established that a sentencing court's failure to consider mitigating factors raises a substantial question."); ***Commonwealth v. Bowen***, 55 A.3d 1254, 1263-64 (Pa.Super. 2012) ("In every case where a sentencing court imposes a sentence outside of the sentencing guidelines, the court must provide in open court a contemporaneous statement of reasons in support of its sentence. 42 Pa.C.S.A. § 9721.").

Appellant's first claim is that the sentencing court focused solely on the seriousness of the offense and did not consider the mitigating factors at play. Concomitantly, Appellant suggests, his sentence was manifestly excessive and the period of confinement was not consistent with the gravity of the offenses, which he committed while intoxicated, or with his rehabilitative needs. ***See*** 42 Pa.C.S. § 9721(b) (when imposing a sentence,

the court must abide by the principle that the sentence of incarceration be consistent with the public's protection, the gravity of the offense, and the defendant's rehabilitative needs). This averment was preserved since it was contained in the post-sentence motion.

Our standard of review is established: "Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion." **Bowen**, **supra** at 1263. An abuse of discretion occurs only if "the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias, or ill-will." **Id**. (citation omitted).

Appellant takes umbrage with the sentencing court's failure to specifically articulate that it weighed Appellant's low prior record score, his personal background, his intoxication, and his rehabilitative needs. The fatal flaw in this position is that the sentencing court herein had the benefit of a presentence report, which the record establishes that it reviewed prior to sentencing, and heard Appellant's mitigation argument, which it also expressly considered. N.T. Sentencing, 6/26/13, at 11. ("THE COURT: Well, I reviewed the presentence report. I listened to the arguments of both sides.").

The law is settled. When the sentencing court possesses and considers a presentence report, we are required by our Supreme Court's decision in **Commonwealth v. Devers**, 546 A.2d 12, 18 (Pa. 1988), to

presume that the sentencing court "was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." *See also Commonwealth v. Griffin*, 65 A.3d 932 (Pa.Super. 2013). The case upon which Appellant relies, *Commonwealth v. Richey*, 779 A.2d 1183 (Pa.Super. 2001), is inapposite because therein, the matter proceeded to sentencing immediately after the defendant's guilty plea was entered, and the court did not have a presentence report. Hence, we must reject Appellant's first position.

Appellant's second averment is that the sentencing court failed to articulate sufficient reasons for the sentence imposed. This contention is waived. At sentencing, Appellant did not object to the court's failure to verbally justify its sentence. Additionally, the allegation was not preserved in the post-sentence motion. However, since this allegation was raised in the Pa.R.A.P. 1925(b) statement, it was addressed by the sentencing court. That court maintained that it had proffered a sufficient basis for its decision. We agree.

Initially, we note that "the sentencing guidelines are advisory in nature." *Bowen*, *supra* at 1264. A sentencing court may deviate from them if "it offers reasons for this determination." *Id*. We must affirm a sentencing court's departure if the rationale outlined by the sentencing court indicates that its decision is not unreasonable. *Id*. "In order to find that a trial court imposed an 'unreasonable' sentence, we must determine that the

sentencing court imposed the sentence irrationally and that the court was 'not guided by sound judgment.'" **Commonwealth v. Riggs**, 63 A.3d 780, 786 (Pa.Super. 2012) (partially quoting **Commonwealth v. Walls**, 926 A.2d 957, 961 (Pa. 2007)). In this case, the sentencing court supported its sentence as follows:

> For each sentence outside the recommended sentencing guidelines, the Court acknowledged its deviations and put reasons for these deviations on the record. The court noted that although the imposed sentences for simple assault and [unlawful restraint] were above the guideline sentences, "The aggregate sentence was certainly within the guidelines." (N.T. 6/26/13 pg 16). The court reasoned further that the aggregate sentence of nine to twenty three years was an appropriate sentence when it comes down to a home invasion," despite minor deviations from the guidelines on the individual crimes. (N.T. 6/26/13 pg 14). This home invasion specifically involved holding six individuals at gunpoint, including two minors, and a shot being fired.

Trial Court Opinion, 8/1/14, at 9.

This statement establishes that the trial court's decision was neither irrational nor unguided by sound judgment. Appellant entered a home and brandished a weapon at six people, including adolescents aged fourteen and fifteen and a sixty-year-old woman. He demanded that they produce the man with whom he just had been fighting, presumably so Appellant could shoot his target. The family came to the man's defense, and Sean Wilson attempted to disarm Appellant. In the process, a shot, which could have struck someone, was fired in an occupied room. A sentence exceeding the guideline ranges as to simple assault and unlawful restraint was not

unreasonable in light of these circumstances especially since the sentences were concurrent with each other to the extent the same victim was involved.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/10/2015