J-S46026-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| PALMAS CHRISTOPHER ROBERTS | |
| Appellant | No. 3387 EDA 2014 |

Appeal from the Judgment of Sentence March 20, 2013
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0003336-2012

BEFORE:  MUNDY, OLSON and MUSMANNO, JJ.

MEMORANDUM BY OLSON, J.:                **FILED SEPTEMBER 30, 2015**

Appellant, Palmas Christopher Roberts, appeals from the judgment of sentence entered on March 20, 2013.  We affirm.

The trial court ably explained the underlying facts of this case.  As the trial court summarized:

> On September 13, 2011, [] Appellant went to a park in Upper Darby, Pennsylvania under the guise of arranging the sale of a vehicle.  Upon arriving [at] the park, [] Appellant met with his potential buyer and demanded that the buyer give him his cell phone as well as $1,200[.00].  [] Appellant was in [] possession of a firearm.  The buyer fled and [] Appellant shot him once in the chest.  The victim was later interviewed at the hospital by officers of the Upper Darby Police Department.  Following an investigation, [] Appellant was identified as the shooter and his photo was placed in a photo array.  A witness that was at the scene at the time of the incident identified [] Appellant as the shooter and [] Appellant was placed under arrest and charged with [attempted homicide], aggravated assault, robbery[,] and related offenses.

On March 19, 2013, a jury panel was selected for Appellant's trial. The following day, on March 20, 2013, [] Appellant instead entered into a negotiated guilty plea before the Honorable John P. Capuzzi. [] Appellant pleaded guilty to one count of robbery and one count of persons not to possess a firearm. Pursuant to the negotiated plea, the Commonwealth agreed to dismiss the remaining nine [] charges. The terms of the plea included a sentence of . . . ten [] to 20 years of incarceration . . . on the robbery charge and a sentence of five [] to ten [] years of incarceration on the firearm charge, with the sentences to run consecutively to one another. . . .

Following a lengthy colloquy by defense counsel and the [trial] court, the terms of the negotiated plea were adopted by the court and [] Appellant moved for immediate sentencing. [On March 20, 2013, the trial court sentenced] Appellant in accordance with the terms of the negotiated plea as set forth above.

Trial Court Opinion, 3/2/15, at 1-2 (internal citations omitted).

The docket reflects that, on April 26, 2013, Appellant filed an untimely, *pro se* "motion for reconsideration of sentence."[1]

On June 26, 2013, Appellant filed a timely, *pro se* petition under the Post-Conviction Relief Act (PCRA), 42 Pa.C.S.A. § 9541-9546. The PCRA court appointed counsel and Appellant's counsel later filed an amended PCRA petition, seeking the *nunc pro tunc* restoration of Appellant's direct appellate rights. On November 6, 2014, the PCRA court granted Appellant's petition and reinstated Appellant's direct appellate rights *nunc pro tunc*; Appellant

---

[1] The certified record does not contain Appellant's *pro se* "motion for reconsideration of sentence."

filed a timely notice of appeal on December 4, 2014. Appellant raises one claim on appeal:

> Should [Appellant] be remanded to the sentencing court for a new sentencing hearing where the court abused its discretion in accepting a negotiated plea which sentenced [Appellant] to a manifestly excessive amount of time in state prison?

Appellant's Brief at 3 (some internal capitalization omitted).

Appellant's claim challenges the discretionary aspects of his sentence. We note that "sentencing is a matter vested in the sound discretion of the sentencing judge, whose judgment will not be disturbed absent an abuse of discretion." *Commonwealth v. Ritchey*, 779 A.2d 1183, 1185 (Pa. Super. 2001). Moreover, pursuant to statute, Appellant does not have an automatic right to appeal the discretionary aspects of his sentence. *See* 42 Pa.C.S.A. § 9781(b). Instead, Appellant must petition this Court for permission to appeal the discretionary aspects of his sentence.

As this Court explained:

> [t]o reach the merits of a discretionary sentencing issue, we conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, Pa.R.A.P. 902, 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 [Pa.C.S.A.] § 9781(b).

*Commonwealth v. Cook*, 941 A.2d 7, 11 (Pa. Super. 2007).

Appellant did not raise his discretionary aspects of sentencing claim at sentencing and Appellant did not file a timely post-sentence motion. As such, Appellant's current claim is waived. Pa.R.Crim.P. 720; Pa.R.A.P. 302(a) ("[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal").

Judgment of sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/30/2015