J-S53013-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                       :                     PENNSYLVANIA
                       :
          v.                  :
                       :
                       :
MIGUEL LAUREANO              :
                       :
          Appellant      :      No. 2867 EDA 2018

Appeal from the Judgment of Sentence Entered August 30, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0010147-2011

BEFORE:  OLSON, J., STABILE, J., and NICHOLS, J.

MEMORANDUM BY OLSON, J.:           **FILED NOVEMBER 05, 2019**

Appellant, Miguel Laureano, appeals from the judgment of sentence entered on August 30, 2018, following his non-jury trial convictions for rape of a child,[1] involuntary deviate sexual intercourse with a child,[2] aggravated indecent assault of a child,[3] unlawful contact with a minor,[4] and related offenses.    We affirm.

In a previous appeal, we summarized the facts of this case as follows:

Complainant, Y.R., resided with [Appellant] and his wife, Luz Moralez, from the time she was approximately six to eleven years [old].  During this time, Y.R.'s mother was incarcerated.  Moralez previously had been Y.R.'s babysitter.  Y.R. testified that while

---

[1] 18 Pa.C.S.A. § 3121(c).

[2] 18 Pa.C.S.A. § 3123(b).

[3] 18 Pa.C.S.A. § 3125(b).

[4] 18 Pa.C.S.A. § 6318(a)(1).

living with [Appellant] and Moralez, [Appellant] sexually assaulted her and raped her on a regular basis. At trial, Y.R. testified to numerous incidents in which [Appellant] penetrated her vagina with his penis or fingers or otherwise inappropriately touched her. [Appellant] was convicted of the aforementioned crimes and was sentenced on June 17, 2015, to 25 to 50 years' incarceration, to be followed by seven years of probation.

*Commonwealth v. Laureano*, ___A.2d___, 1961 EDA 2015 (Pa. Super. 2016) (unpublished memorandum), at 1-4 (citation omitted).

This Court affirmed Appellant's judgment of sentence on May 4, 2016. *Id*. Our Supreme Court denied *allocatur* on August 30, 2016. *Commonwealth v. Laureano*, 145 A.3d 724 (Pa. 2016). On June 6, 2017, Appellant filed a *pro se* petition pursuant to the Post Conviction Relief Act (PCRA). Appellant's *Pro Se* PCRA Petition, 6/6/17, at 1-3. Subsequently, counsel was appointed and, on November 24, 2017, filed an amended PCRA petition on Appellant's behalf. Appellant's Amended PCRA Petition, 11/24/17, at 1-10. Within his petition, Appellant alleged that he was sentenced to a "minimum mandatory sentence" deemed unconstitutional by both our Supreme Court and the United States Supreme Court. *Id*. at *5 (un-paginated). *See Alleyne v. United States*, 133 S.Ct. 2151 (2013); *Commonwealth v. Wolfe*, 140 A.3d 651 (Pa. 2016) (holding that the statute imposing a ten-year minimum mandatory sentence for involuntary deviate sexual intercourse (IDSI) violated the Sixth Amendment).

On May 31, 2018, the PCRA court granted Appellant's petition and ordered re-sentencing. PCRA Court Order, 5/31/18, at 1. A hearing was held on August 30, 2018, during which the trial court re-imposed Appellant's

original sentence.[5] *See* PCRA Court Opinion, 1/15/19, at 1. Appellant did not file a post-sentence motion or challenge his sentence at the August 30, 2018 hearing. Appellant timely appealed.[6]

Appellant raises the following issues on appeal:

    I.    Did the trial court abuse its discretion when [] it re-imposed the same sentence without considering mitigating evidence provided at the time of re-sentencing?

    II.    Did the trial court abuse its discretion when it imposed a sentence of 25 to 50 years['] which[ is clearly unreasonable when] compared to a normal sentence under similar circumstances?

Appellant's Brief at vii (some internal capitalization omitted).

On appeal, Appellant contends that the trial court abused its discretion in the imposition of his sentence. Specifically, Appellant claims that the court "ignored the mitigating evidence of Appellant's prior record score, work history, and five character witnesses that testified" at the re-sentencing hearing, and instead, "re-imposed the same punitive sentence." Appellant's Brief at 5. Similarly, Appellant claims that the trial court imposed an "irrational

_____

[5] At the August 30, 2018 hearing, the trial court made clear that, "while [it] made reference to the mandatories [at Appellant's original sentencing,] . . . they were not the basis for [its] decision." N.T. Sentencing Hearing, 8/30/18, at 27.

[6] Appellant filed a notice of appeal on September 28, 2018. On October 16, 2018, the trial court entered an order directing Appellant to file a concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b)(1). Appellant timely complied. The trial court issued an opinion pursuant to Pa.R.A.P. 1925(a) on January 15, 2019.

and unreasonable sentence." *Id.* Upon review, we conclude that Appellant has waived both claims.

Appellant's issues implicate the discretionary aspects of sentencing. With respect to our standard of review, we have held that "sentencing is a matter vested in the sound discretion of the sentencing judge, whose judgment will not be disturbed absent an abuse of discretion." *Commonwealth v. Ritchey*, 779 A.2d 1183, 1185 (Pa. Super. 2001). Moreover, pursuant to statute, Appellant does not have an automatic right to appeal the discretionary aspects of his sentence. *See* 42 Pa.C.S.A. § 9781(b). Instead, Appellant must petition this Court for permission to appeal. *Id.* As this Court has explained:

> [t]o reach the merits of a discretionary sentencing issue, we conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, Pa.R.A.P. 902, 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, Pa.R.Crim.P. [708(E)]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S. § 9781(b).

*Commonwealth v. Cook*, 941 A.2d 7, 11 (Pa. Super. 2007); *see also Commonwealth v. Cartrette*, 83 A.3d 1030, 1042 (Pa. Super. 2013) (*en banc*) ("[I]ssues challenging the discretionary aspects of a sentence must be raised in a post-sentence motion or by presenting the claim to the trial court during the sentencing proceedings. Absent such efforts, an objection to a discretionary aspect of a sentence is waived").

In this case, Appellant did not challenge the discretionary aspects of his sentence at the August 30, 2018 re-sentencing hearing or file a subsequent motion to reconsider or modify his sentence. **See** N.T. Sentencing Hearing, 8/30/18, at 1-36; Pa.R.Crim.P. 708(E). Therefore, Appellant waived his claims challenging the discretionary aspects of his sentence. **Cartrette**, 83 A.3d at 1042.

Appellant, however, contends that he "preserved the issue through [his] PCRA petition." Appellant's Brief at 10. This claim is meritless. The petition was filed before Appellant's re-sentencing; hence, the sentencing issues he raised within his petition are not the same ones he now raises on appeal. Thus, Appellant's PCRA petition was insufficient to preserve his claims challenging the discretionary aspects of his new sentence. Therefore, we are prohibited from addressing the merits of Appellant's claims because he failed to properly "object[] to [the] discretionary aspects of [his] sentence." **Cartrette**, 83 A.3d at 1042.

Judgment of sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/5/19