J-S20014-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                                     : PENNSYLVANIA
                                                     :
                v.                             :
                                                     :
                                                     :
KARONN ROBINSON                         :
                                                       :
                Appellant          : No. 155 MDA 2025

Appeal from the Judgment of Sentence Entered January 28, 2025
In the Court of Common Pleas of Lycoming County Criminal Division at
No(s): CP-41-CR-0001000-2023

BEFORE: OLSON, J., LANE, J., and BENDER, P.J.E.

MEMORANDUM BY OLSON, J.:         **FILED: JUNE 16, 2025**

Appellant, Karonn Robinson, appeals from the judgment of sentence entered January 28, 2025. We affirm.

The trial court set forth the facts and procedural history of this case as follows.

> By information filed August 25, 2023 . . . the Commonwealth charged [Appellant] with one count of delivery of a controlled substance and one count of criminal use of a communication facility.[1] The charges [arose] out of a police operation involving a controlled buy of crack cocaine from [Appellant] on August 1, 2023. On that date, a confidential informant ("CI") working with the police arranged *via* telephone calls and text messages to purchase $100[.00] worth of crack cocaine from [Appellant]. The CI met with [Appellant] at his apartment and returned with three bags of what later proved to be crack cocaine. [Thereafter], the police obtained arrest and search warrants and took [Appellant] into custody [following execution of] the warrants.

---

[1] 35 P.S. § 780-113(a)(30) and 18 Pa.C.S.A. § 7512, respectively.

The charges against [Appellant] were tried to a jury on July 19, 2024. The jury found [Appellant] guilty of both counts in the information. [Appellant was sentenced on October 7, 2024. The trial court sentenced Appellant to serve 36 to 72 months' incarceration for his conviction for delivery of a controlled substance and 24 to 48 months' incarceration for his conviction of criminal use of a communication facility. The trial court ordered the aforementioned sentence to run consecutively, thereby sentencing Appellant to an aggregate term of five to 10 years' incarceration].

[Appellant] filed [a post-sentence] motion . . . on October 15, 2024. In his motion, [Appellant] move[d] for a new trial, alleging that the verdict was so contrary to the weight of the evidence . . . [because] the Commonwealth failed to prove that he was guilty of delivering crack cocaine to a [CI] (a) because the [CI's] testimony at trial was so incredible that the Commonwealth could not prove his guilt beyond a reasonable doubt, and (b) because the testimony of the detectives testimony was not credible[. Appellant also] move[d] for reconsideration of [his] sentence[, alleging that the trial court] abused its discretion [by] imposing consecutive sentences for criminal use of a communication facility[ and that] his aggregate sentence, including his 10 years maximum sentence, [was] unduly harsh and manifestly excessive[.[2]]

Trial Court Opinion and Order, 1/28/25, at 1-3 (footnotes, quotation marks and internal citations omitted) (footnote added).

On January 28, 2025, the trial court entered an order granting, in part, and denying, in part, Appellant's post-sentence motion. More specifically, the trial court denied Appellant's claim that the verdict was against weight of the evidence. The trial court, however, granted Appellant's request for

_____

[2] Appellant's post-sentence motion also challenged the sufficiency of the evidence supporting his convictions and moved for a new trial claiming that his trial counsel was ineffective for failing to file pre-trial motions. The trial court denied each of the aforementioned claims. *See* Trial Court Opinion and Order, 1/28/25, at 6-13. Appellant does not raise these issues on appeal.

reconsideration of his sentence. In so doing, the trial court opined that, while Appellant's sentence "was lawful" and that "its sentence of five [] to [10] years[' incarceration] was [not] 'unduly harsh and manifestly excessive,'" the "sentence imposed, in the aggregate, was greater than what was necessary to vindicate the statute purpose of the Sentencing Guidelines[.]" *Id.* at 17. Based upon the forgoing, the trial court amended Appellant's sentence

> to reflect a sentence of [24] to [48] months[' incarceration] under both Count [one], delivery of a controlled substance, and Count [two], criminal use of a communication facility, to run consecutively, for an aggregate sentence of [four] to [eight] years[' incarceration].

*Id.* This timely appeal followed.

Appellant raises the following issues for our consideration.

1. Did the trial court abuse its discretion when imposing an aggregate sentence of four [] to eight [] years in a state correctional institution for delivery of a controlled substance and criminal use of [a] communication facility to run consecutively, where [Appellant's] sentence is manifestly excessive compared to more egregious drug delivery defendants and by failing to weigh sentencing factors and failing to run counts concurrently, even in light of the [trial c]ourt's reconsidered sentence[?]

2. Was [] Appellant's conviction against the weight of the evidence, in that the Commonwealth did not prove [] Appellant's guilty beyond a reasonable doubt because the [CI's] and the detective's testimony was not credible[?]

Appellant's Brief at 7.

In his first issue, Appellant challenges his sentence, as amended by the trial court, claiming that the trial court abused its discretion by imposing an aggregate sentence of four to eight years' incarceration. Chiefly, Appellant

contends that the trial court's decision to run his sentences consecutively resulted in a manifestly excessive sentence when considering Appellant's criminal conduct.

Appellant's claim raises a challenge to the discretionary aspects of his sentence. "[S]entencing is a matter vested in the sound discretion of the sentencing judge, whose judgment will not be disturbed absent an abuse of discretion." *Commonwealth v. Ritchey*, 779 A.2d 1183, 1185 (Pa. Super. 2001). Pursuant to statute, Appellant does not have an automatic right to appeal the discretionary aspects of his sentence. *See* 42 Pa.C.S.A. § 9781(b). Instead, Appellant must petition this Court for permission to appeal such issues. *Id.*

As this Court explained:

[t]o reach the merits of a discretionary sentencing issue, we conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, Pa.R.A.P. 902, 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, [42 Pa.C.S.A.] § 9781(b).

*Commonwealth v. Cook*, 941 A.2d 7, 11 (Pa. Super. 2007) (internal citations omitted). "[T]he trial court must be given the opportunity to reconsider the imposition of the sentence either through the defendant raising the issue at sentencing or in a post-sentence motion. The failure to do so results in waiver of those claims." *Commonwealth v. Tejada*, 107 A.3d 788,

798 (Pa. Super. 2015) (citations omitted); **see also** Pa.R.Crim.P. 720(B)(1)(a) ("All requests for relief from the trial court shall be stated with specificity and particularity, and shall be consolidated in the post-sentence motion[.]").

Herein, Appellant filed a post-sentence motion following the issuance of his initial sentence on October 7, 2023, which resulted in the trial court issuing an order amending his sentence on January 28, 2025. Appellant, however, did not challenge the amended sentence imposed on January 28, 2025 by way of post-sentence motion or otherwise. Instead, Appellant filed an appeal with this Court. Thus, Appellant failed to preserve his current challenge for our review and he is not entitled to relief. **See Commonwealth v. Rouse**, 2020 WL 2781559 *1, *6 (Pa. Super. 2020) (non-precedential decision) (holding that the appellant's failure to file a post-sentence motion challenging his amended sentence resulted in waiver).

In his second issue, Appellant argues that the verdict was against the weight of the evidence presented a trial. More specifically, Appellant argues that the testimony of the CI and detectives was "so incredible that the Commonwealth could not prove his guilt beyond a reasonable doubt." Appellant's Brief at 19.

An appellate court's standard of review when presented with a weight of the evidence claim is distinct from the standard of review applied by the trial court:

Appellate review of a weight claim is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence. Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence. One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice. This does not mean that the exercise of discretion by the trial court in granting or denying a motion for a new trial based on a challenge to the weight of the evidence is unfettered.

In describing the limits of a trial court's discretion, we have explained:

The term "discretion" imports the exercise of judgment, wisdom and skill so as to reach a dispassionate conclusion within the framework of the law, and is not exercised for the purpose of giving effect to the will of the judge. Discretion must be exercised on the foundation of reason, as opposed to prejudice, personal motivations, caprice or arbitrary actions. Discretion is abused where the course pursued represents not merely an error of judgment, but where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias or ill-will.

*Commonwealth v. Soto*, 202 A.3d 80, 97 (Pa. Super. 2018) (citation omitted). "[W]e may not [re-]weigh the evidence and substitute our judgment for the fact-finder." *Id.* at 93 (citation omitted). "For an appellant to prevail on a challenge to the weight of evidence, he must establish that the evidence was so tenuous, vague, and uncertain that the verdict shocks the

conscience of the court." ***Commonwealth v. Gilliam***, 249 A.3d 257, 269-270 (Pa. Super. 2021) (internal quotation and citation omitted).

Here, the trial court addressed Appellant's weight claim as follows:

[Appellant's] objections to the weight of the evidence attack the credibility of the CI involved in the drug transaction for which [Appellant] was charged and of the detectives who investigated the transaction and imply that the jury should have found [Appellant] more credible than [them. The jury, however,] assesses the credibility of the witnesses and evidence presented to it and, in so doing, is free to believe all, part or none of the evidence.

Here, there was overwhelming evidence of [Appellant's] guilt. Among other things, the Commonwealth introduced at trial the testimony of three detectives and the CI and introduced many items of physical evidence, including numerous video clips and photographs, as well as the drugs actually seized. This evidence, if believed by the jury [(which it was)], established that the CI arranged to purchase crack cocaine from [Appellant] by text messages and [tele]phone calls from her cell[ular tele]phone to his; that she went to his apartment with $100[.00] of police funds and returned with what was later confirmed to be crack cocaine; that [Appellant] physically conveyed crack cocaine to the CI; and that the police buy money and a scale were later recovered from [Appellant's] apartment.

Given that a court may not find that the verdict was against the weight of the evidence because of a mere conflict in the testimony or because the judge on the same facts would have arrived at different conclusion, th[e c]ourt may only sustain [Appellant's] objections and award him a new trial if it determines that the facts identified by [Appellant] are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice. The [c]ourt cannot do that here.

Trial Court Opinion and Order, 1/28/25, at 4-5 (internal quotation marks omitted).

Upon our review of the record and applicable law, we agree with the trial court's conclusion that the verdict did not shock the conscious of the court so as to warrant relief on Appellant's weight of the evidence claim. As the trial court acknowledged, the jury was free to believe all, part, or none of the evidence in assessing the credibility of the CI and the detectives, including variances in their testimony. The jury reviewed the evidence, resolved any conflicts therein, and concluded that the Commonwealth proved Appellant's guilt beyond a reasonable doubt. Appellant has not established that the evidence was so shockingly tenuous, vague, and/or uncertain and we simply may not reweigh the evidence or substitute our judgment for the trial court. Based upon the facts of record, we discern no abuse of discretion or error of law by the trial court in denying Appellant's weight claim. For all of the foregoing reasons, Appellant is not entitled to relief on his second issue.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 6/16/2025