J-S03006-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| TERRY EUGENE SHIELDS | |
| Appellant | No. 2005 WDA 2015 |

Appeal from the Judgment of Sentence November 13, 2015
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0003007-2009

BEFORE:  OLSON, SOLANO and STRASSBURGER,* JJ.

MEMORANDUM BY OLSON, J.:                    **FILED FEBRUARY 13, 2017**

Appellant, Terry Eugene Shields, appeals from the judgment of sentence entered on November 13, 2015, as made final by the denial of Appellant's post-sentence motion on November 24, 2015.  We affirm.

We previously explained the underlying facts of this case:

> On November 11, 2008, at approximately 12:30 p.m., [J.B.] and her fiancé[, P.D., ] were at home, in their living room, with their two-year-old son.  [J.B.], wearing only a tank top and wrapped in a blanket, was sitting on the couch.  Three men broke down the locked front door and entered the house. . . .
>
> [P.D.] attempted to stop the three men, who repeatedly struck him in the face with a gun.  The men demanded to know where they could find money and guns in the house, but both [P.D.] and [J.B.] denied having either.  One of the three men then informed [P.D.] and [J.B.] that "Coke told [them] everything," so they knew there was money in the house.  [P.D.] testified that "Coke" was the nickname of a

* Retired Senior Judge assigned to the Superior Court.

childhood friend. Eventually, [P.D.] told the three men where they could find money and a gun.

Meanwhile, [Appellant], who was not wearing a mask, picked [J.B.] up and threw her to the ground, bound her hands and feet with duct tape, and taped her mouth. [J.B.] further testified that [Appellant] slapped her across the face numerous times as she pleaded with him not [to] do this to her in front of her young son. [Appellant] then smacked her across the buttocks and said she had a "fat ass." The other two men dragged [P.D.] upstairs to get the money and gun, while [Appellant] remained downstairs with [J.B.], who testified that [Appellant] continued to hit her repeatedly, and then inserted his fingers into her vagina and rectum. [Appellant] then said he was going to force her to perform oral sex on him. [J.B.] continued to plead with [Appellant] not to do so in front of her son.

[P.D.] came back downstairs with the two men, who attempted to flee but could not open the door because they had broken it coming in. They screamed at [J.B.] asking how to get out, and she directed them to use the back door downstairs. The other two men left while [Appellant] waited with [J.B.] to make sure they got out. He then grabbed the necklace and earrings [J.B.] was wearing, and followed the other men. Throughout the ten-minute attack, the intruders broke numerous pieces of furniture including a television and a table that [Appellant] broke over [J.B.'s] arms.

[J.B.] testified that once the men left, she put on sweatpants and went to the neighbor's home to call the police. . . .

On February 2, 2009, [J.B.] was at a Pittsburgh Municipal Court building with a friend when she spotted [Appellant] standing within ten feet of her. She immediately contacted police, who arrested [Appellant].

***Commonwealth v. Shields***, 83 A.3d 1059 (Pa. Super. 2013) (unpublished

memorandum) at 1-3 (internal citations omitted), *appeal denied*, 81 A.3d 77

(Pa. 2013).

The jury found Appellant guilty of two counts of robbery and one count each of burglary, aggravated indecent assault, unlawful restraint, and criminal conspiracy to commit robbery.[1] On June 29, 2012, the trial court sentenced Appellant to serve an aggregate term of 15 to 45 years in prison; Appellant's sentence included five-year mandatory minimum sentencing terms under 42 Pa.C.S.A. § 9712, as the sentencing court determined that Appellant was convicted of violent crimes and, during the commission of the offenses, Appellant visibly possessed a firearm that placed the victim in reasonable fear of death or serious bodily injury. **See** 42 Pa.C.S.A. § 9712 (held unconstitutional in **Commonwealth v. Valentine**, 101 A.3d 801 (Pa. Super. 2014)). Moreover, during the original sentencing hearing, the trial court explained:

> This is the time set for sentencing [Appellant]. I do have a pre-sentence report. I have read it.
>
> . . .
>
> Aside from the heinous nature of this offense, I have to take into consideration his history.
>
> At age 15, he was adjudicated of defiant trespass, a misdemeanor [three], a minor offense, for which he received a period of probation and was placed in the Academy Day-Evening Treatment Program.
>
> However, his ongoing failure to adjust on two occasions in that program, and then subsequently at Summit Academy, Vision Quest, and, ultimately, YDC New Castle, led to the

---

[1] 18 Pa.C.S.A. §§ 3701, 3502, 3125, 2902, and 903, respectively.

> extraordinary result of him having a total of six placements precipitated by one misdemeanor [three] charge.
>
> When he finally was released, it wasn't terribly long until he was rearrested on this case.
>
> While incarcerated in this case, he was involved in another conspiracy, assault by a prisoner, which led to the assault by prisoner, but it is of note to me that during the assault, the victim believes that he was raped.
>
> Those charges were withdrawn for a plea agreement, but the behavior there is concerning and frighteningly similar: aggravated indecent assault, involuntary deviate sexual intercourse.
>
> And I must take that into consideration as well in imposing a sentence here today.
>
> Similarly, I generally follow the philosophy that where there are multiple victims in a case, each victim deserves to have the particular crime that he suffered receive fair consideration by the court.

N.T. Sentencing Hearing, 6/29/12, at 16-18 (some internal capitalization omitted).

This Court affirmed Appellant's judgment of sentence on August 6, 2013 and, on December 18, 2013, the Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal. *Commonwealth v. Shields*, 83 A.3d 1059 (Pa. Super. 2013) (unpublished memorandum) at 1-6, *appeal denied*, 81 A.3d 77 (Pa. 2013).

Appellant filed a timely petition under Pennsylvania's Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546, and claimed that his sentence was illegal, as he was sentenced under a mandatory minimum sentencing statute that was rendered unconstitutional by *Alleyne v. United*

*States*, ___ U.S. ___, 133 S.Ct. 2151 (2013). On July 30, 2015, this Court held that Appellant's sentence was illegal under *Alleyne*. *Commonwealth v. Shields*, ___ A.3d ___, 2015 WL 6134012 (Pa. Super. 2015) (unpublished memorandum) at 1-6. Therefore, we vacated Appellant's judgment of sentence and remanded for resentencing. *Id.*

On November 13, 2015, the trial court held Appellant's resentencing hearing. During the hearing, the trial court stated:

> I do recall this case. I recall the facts of the case. Unfortunately for [Appellant], I recall them quite clearly. And at the time of the original sentencing, my sentence was driven in part at least by the mandatories and by the desire to not stack up [Appellant] with what would essentially amount to a life sentence, given his young age, but, nevertheless, to impose a sentence that would recognize the severity and cruelty of the crime that he committed and the individual victims, in particular, the separate crime – when I say "separate," it was part of the same criminal act, but a crime of a very different nature – committed on [J.B.]
>
> And so in constructing a sentence that does not entail mandatories, I have taken into consideration the guidelines, my knowledge of [Appellant's] history, [and] the nature of the crimes involved for each of the victims here.

N.T. Sentencing Hearing, 11/13/15, at 4-5.

The trial court then sentenced Appellant to serve: at Count 2 (robbery against J.B.), a term of 50 to 100 months' incarceration; at Count 3 (aggravated indecent assault against J.B.), a term of 50 to 100 months' incarceration, consecutive to the term imposed at Count 2; at Count 5 (robbery against P.D.), a term of 50 to 100 months' incarceration, consecutive to the term imposed at Count 3; at Count 6 (criminal

conspiracy), a term of 30 to 60 months' incarceration, consecutive to the term imposed at Count 5; a concurrent term of 30 to 60 months' incarceration for burglary; and, no further penalty for unlawful restraint. The trial court thus sentenced Appellant to serve an aggregate term of 180 to 360 months' incarceration (or, 15 to 30 years in prison). All of Appellant's sentencing terms fell within the standard sentencing range. *See* Appellant's Post-Sentence Motion, 11/23/15, at ¶ 18.

Appellant filed a timely post-sentence motion and claimed that "[t]he aggregate sentence of 15 to 30 years' imprisonment was manifestly excessive and unreasonable insofar as [the trial] court failed to consider the nature and characteristics of [Appellant] before imposing consecutive sentences totaling a term of imprisonment for a non-homicide that was just [five] years less than the statutory maximum for third degree murder." *Id.* at ¶ 20 (some internal capitalization omitted). Appellant further claimed:

> Here, there were pertinent factors . . . that made the sentence imposed unreasonable. . . . [Appellant] was only 19 years old at the time of the incident. His father had passed away, as well as his other grandmother with whom he had been close. . . . When his father passed away, [Appellant] lost interest in activities he shared with his dad. Both losses caused him to lapse into a deep depression from which he never really recovered. The rest of his family was very supportive of him. [Appellant] was diagnosed with attention deficit disorder and oppositional defiant disorder. He was exposed to violence in his neighborhood, including witnessing his best friend getting shot in the head. There is no indication that the [trial] court gave careful consideration to the above factors when resentencing [Appellant].

*Id.* at ¶ 22 (internal citations omitted).

- 6 -

The trial court denied Appellant's post-sentence motion on November 24, 2015 and Appellant filed a timely notice of appeal. Appellant raises one claim on appeal:

> Did the [trial] court abuse its discretion in imposing a manifestly excessive and unreasonable aggregate sentence of 15 to 30 years' imprisonment in that it failed to craft a sentence based on consideration of all of the sentencing factors set forth in 42 [Pa.C.S.A.] § 9721(b); rather[,] did it focus on the nature of the offenses to the exclusion of the other relevant factors under the Sentencing Code?

Appellant's Brief at 5 (some internal capitalization omitted).

Appellant's claim on appeal is a challenge to the discretionary aspects of his sentence. "[S]entencing is a matter vested in the sound discretion of the sentencing judge, whose judgment will not be disturbed absent an abuse of discretion." *Commonwealth v. Ritchey*, 779 A.2d 1183, 1185 (Pa. Super. 2001). Moreover, pursuant to statute, Appellant does not have an automatic right to appeal the discretionary aspects of his sentence. *See* 42 Pa.C.S.A. § 9781(b). Instead, Appellant must petition this Court for permission to appeal the discretionary aspects of his sentence. *Id.*

As this Court explained:

> [t]o reach the merits of a discretionary sentencing issue, we conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, Pa.R.A.P. 902, 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, [42 Pa.C.S.A.] § 9781(b).

*Commonwealth v. Cook*, 941 A.2d 7, 11 (Pa. Super. 2007).

In the case at bar, Appellant filed a timely post-sentence motion and notice of appeal. Moreover, within Appellant's post-sentence motion, Appellant claimed that the trial court abused its discretion at sentencing because the trial court "failed to consider" certain mitigating factors. These mitigating factors were, specifically: Appellant was 19 years old when he committed the crimes; Appellant's father and grandmother had passed away before he committed the crimes; Appellant was diagnosed with attention deficit disorder and oppositional defiant disorder; and, Appellant had been exposed to violence in his neighborhood. Appellant's Post-Sentence Motion, 11/23/15, at ¶ 22.

On appeal, Appellant repeats his claim that the trial court failed to consider the above mitigating factors and Appellant attempts to raise the additional claim that the trial court "focused entirely on the nature and circumstances of the offenses." Appellant's Brief at 15-16 and 19. The latter claim is waived, as Appellant failed to raise the claim in his post-sentence motion. Pa.R.Crim.P. 720; Pa.R.A.P. 302(a) ("[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal"). We will now determine whether Appellant's claim that the trial court "failed to consider" certain mitigating factors presents a "substantial question that the sentence appealed from is not appropriate under the Sentencing Code." *Cook*, 941 A.2d at 11.

Generally, to raise a substantial question, an appellant must "advance a colorable argument that the trial judge's actions were: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Commonwealth v. McKiel*, 629 A.2d 1012, 1013 (Pa. Super. 1993); *Commonwealth v. Goggins*, 748 A.2d 721, 726 (Pa. Super. 2000) (*en banc*), *appeal denied*, 759 A.2d 920 (Pa. 2000). Moreover, in determining whether an appellant has raised a substantial question, we must limit our review to Appellant's Rule 2119(f) statement. *Goggins*, 748 A.2d at 726. This limitation ensures that our inquiry remains "focus[ed] on the reasons for which the appeal is sought, in contrast to the facts underlying the appeal, which are necessary only to decide the appeal on the merits." *Id.* at 727 (internal emphasis omitted).

In his brief to this Court, Appellant acknowledges that all of his sentences fell within the "standard" sentencing range. Appellant's Brief at 14-15. Yet, as Appellant claims, his aggregate sentence of 15 to 30 years in prison was manifestly excessive because the trial court failed to consider such mitigating evidence as: Appellant's young age when he committed the crimes; the fact that Appellant's father and grandmother had passed away before he committed the crimes; the fact that Appellant was diagnosed with attention deficit disorder and oppositional defiant disorder; and, the fact that

Appellant had been exposed to violence in his neighborhood. *Id.* at 15 and 20.

Appellant's claim does not raise a substantial question under the Sentencing Code. *See Commonwealth v. McNabb*, 819 A.2d 54, 57 (Pa. Super. 2003) ("an allegation that the sentencing court did not consider certain mitigating factors does not raise a substantial question"); *see Commonwealth v. Dunphy*, 20 A.3d 1215, 1222 (Pa. Super. 2011) ("[a]n allegation that the sentencing court 'failed to consider' or 'did not adequately consider' various factors does not raise a substantial question that the sentence was inappropriate"), *quoting* **McKiel**, 629 A.2d at 1013; *see also Commonwealth v. Felmlee*, 828 A.2d 1105, 1106 (Pa. Super. 2003) (a claim that the trial court "erred by imposing an **aggravated range** sentence without consideration of mitigating circumstances raises a substantial question") (emphasis added). Therefore, we may not reach the merits of Appellant's claim.[2, 3]

---

[2] To the extent that Appellant has raised a substantial question, we conclude that Appellant would not be entitled to relief because the trial court had the benefit of a pre-sentence investigation report. *See Commonwealth v. Boyer*, 856 A.2d 149, 154 (Pa. Super. 2004) ("[W]here the sentencing judge had the benefit of a presentence investigation report, it will be presumed that he or she was aware of the relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors").

[3] We note that Appellant baldly claims that the trial court erred in "sentenc[ing] him without providing sufficient reasons for the sentence
*(Footnote Continued Next Page)*

Judgment of sentence affirmed.  Jurisdiction relinquished.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date:  2/13/2017

_(Footnote Continued)_ _____

imposed."  **_See_** Appellant's Brief at 12 and 14.  This claim is waived, as Appellant never expounded upon the claim in his brief.  **_Commonwealth v. Spotz_**, 716 A.2d 580, 585 n.5 (Pa. 1999) ("[the Pennsylvania Supreme Court] has held that an issue will be deemed to be waived when an appellant fails to properly explain or develop it in his brief").  Further, to the extent Appellant preserved this claim in his post-sentence motion, the claim was based solely on the contention that the trial court erred in sentencing him in the aggravated range for the burglary conviction, without placing adequate reasons on the record.  Appellant's Post-Sentence Motion, 11/23/15, at ¶ 19.  However, Appellant was sentenced to a concurrent term of 30 to 60 months in prison for the burglary conviction and Appellant acknowledges that "[f]or the charge of burglary, the minimum standard [sentencing] range was 30 to 42 months['] imprisonment, with +/- 12 months for aggravating or mitigating factors."  **_Id._** at ¶ 18.  Therefore, Appellant received a standard range sentence for his burglary conviction.  Appellant's claim that the trial court "failed to place adequate reasons on the record" in sentencing him to an aggravated range sentence would, thus, be baseless if Appellant properly raised the claim in his brief to this Court.

- 11 -