J-S10029-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
  :         PENNSYLVANIA
  :
      v.   :
  :
  :
  :
RICHARD MOORE   :
  :
      Appellant   :   No. 2822 EDA 2017

Appeal from the Judgment of Sentence July 20, 2017
In the Court of Common Pleas of Delaware County Criminal Division at
No(s): CP-23-CR-0002495-2016

BEFORE: BOWES, J., OLSON, J., and NICHOLS, J.

MEMORANDUM BY OLSON, J.:             **FILED MARCH 15, 2018**

Appellant, Richard Moore, appeals from the judgment of sentence entered on July 20, 2017. On this direct appeal, Appellant's court-appointed counsel has filed both a petition for leave to withdraw as counsel and an accompanying brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967) and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009). We conclude that Appellant's counsel has complied with the procedural requirements necessary to affect withdrawal. Moreover, after independently reviewing the record, we conclude that the instant appeal is wholly frivolous. We, therefore, grant counsel's petition for leave to withdraw and affirm Appellant's judgment of sentence.

In 2016, the Commonwealth charged Appellant with committing multiple crimes, including rape, sexual assault, and indecent assault. ***See*** Commonwealth's Information, 5/25/16, at 1-2. However, prior to trial,

Appellant and the Commonwealth entered into an agreement whereby, if Appellant pleaded guilty to sexual assault,[1] the Commonwealth would dismiss the remaining counts and recommend a sentence of 11 ½ to 23 months in prison, followed by five years of probation. N.T. Guilty Plea Hearing, 7/20/17, at 3-4.

On July 20, 2017, Appellant tendered his guilty plea and the Commonwealth recommended the agreed-upon sentence. *Id.* The trial court accepted Appellant's plea and sentenced Appellant in accordance with the Commonwealth's recommendation. *Id.* at 9. Appellant did not object to his sentence at the hearing and Appellant did not file a post-sentence motion with the trial court. *Id.* at 9-10.

Appellant filed a timely notice of appeal. On appeal, Appellant's court-appointed counsel filed a petition for leave to withdraw and counsel accompanied this petition with an *Anders* brief. The *Anders* brief raises one claim:

> Whether the sentence of 11 ½ to 23 [months'] imprisonment imposed on [Appellant] was harsh and excessive under the circumstances?

Appellant's Brief at 2.

Before reviewing the merits of this appeal, this Court must first determine whether appointed counsel has fulfilled the necessary procedural

---

[1] 18 Pa.C.S.A. § 3124.1.

requirements for withdrawing as counsel. *Commonwealth v. Miller*, 715 A.2d 1203, 1207 (Pa. Super. 1998).

To withdraw under *Anders*, court-appointed counsel must satisfy certain technical requirements. First, counsel must "petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous." *Miller*, 715 A.2d at 1207. Second, counsel must file an *Anders* brief, in which counsel:

> (1) provide[s] a summary of the procedural history and facts, with citations to the record; (2) refer[s] to anything in the record that counsel believes arguably supports the appeal; (3) set[s] forth counsel's conclusion that the appeal is frivolous; and (4) state[s] counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361.

Finally, counsel must furnish a copy of the *Anders* brief to his or her client and advise the client "of [the client's] right to retain new counsel, proceed *pro se* or raise any additional points worthy of this Court's attention." *Commonwealth v. Woods*, 939 A.2d 896, 898 (Pa. Super. 2007).

If counsel meets all of the above obligations, "it then becomes the responsibility of the reviewing court to make a full examination of the proceedings and make an independent judgment to decide whether the

appeal is in fact wholly frivolous." ***Santiago***, 978 A.2d at 355 n.5. It is only when all of the procedural and substantive requirements are satisfied that counsel will be permitted to withdraw.

In the case at bar, counsel complied with all of the above procedural obligations. We must, therefore, review the entire record and analyze whether this appeal is, in fact, wholly frivolous.

On appeal, Appellant claims that the trial court abused its discretion by imposing a harsh and excessive sentence. Appellant's Brief at 2. Appellant's claim on appeal is a challenge to the discretionary aspects of his sentence.

"[S]entencing is a matter vested in the sound discretion of the sentencing judge, whose judgment will not be disturbed absent an abuse of discretion." ***Commonwealth v. Ritchey***, 779 A.2d 1183, 1185 (Pa. Super. 2001). Moreover, pursuant to statute, Appellant does not have an automatic right to appeal the discretionary aspects of his sentence. ***See*** 42 Pa.C.S.A. § 9781(b). Instead, Appellant must petition this Court for permission to appeal the discretionary aspects of his sentence. ***Id.***

As this Court explained:

> [t]o reach the merits of a discretionary sentencing issue, we conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, Pa.R.A.P. 902, 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, [42 Pa.C.S.A.] § 9781(b).

*Commonwealth v. Cook*, 941 A.2d 7, 11 (Pa. Super. 2007).

In the case at bar, Appellant did not object to his sentence at the sentencing hearing and Appellant did not file a post-sentence motion. Therefore, Appellant waived any challenge to the discretionary aspects of his sentence. Pa.R.Crim.P. 720; Pa.R.A.P. 302(a) ("[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal"). Further, since the claim on appeal is waived, the claim is frivolous under *Anders*. *Commonwealth v. Tukhi*, 149 A.3d 881, 888-889 (Pa. Super. 2016) (holding that, under *Anders*, "[a]n issue that is waived is frivolous"); *Commonwealth v. Kalichak*, 943 A.3d 285, 291 (Pa. Super. 2008) (holding: "this issue has been waived. Having been waived, pursuing this matter on direct appeal is frivolous").

We have independently considered the issue raised within Appellant's brief and we have determined that the claim is frivolous. In addition, after an independent review of the entire record, we see nothing that might arguably support this appeal. The appeal is therefore wholly frivolous. Accordingly, we affirm Appellant's judgment of sentence and grant counsel's petition for leave to withdraw.

Petition for leave to withdraw appearance granted. Judgment of sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/15/18