J-S47005-18

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

COMMONWEALTH OF PENNSYLVANIA  :  IN THE SUPERIOR COURT OF
                              :       PENNSYLVANIA
                              :
            v.                :
                              :
                              :
COREY N. LYKENS              :
                              :
        Appellant            :  No. 1169 WDA 2017

Appeal from the Judgment of Sentence July 10, 2017
In the Court of Common Pleas of Blair County Criminal Division at No(s):
CP-07-CR-0000720-2017

BEFORE:   OLSON, J., McLAUGHLIN, J., and STRASSBURGER*, J.

MEMORANDUM BY OLSON, J.:                    FILED NOVEMBER 14, 2018

Appellant, Corey N. Lykens, appeals from the judgment of sentence entered on July 10, 2017. On this direct appeal, Appellant's court-appointed counsel has filed both a petition for leave to withdraw as counsel and an accompanying brief pursuant to Anders v. California, 386 U.S. 738 (1967) and Commonwealth v. Santiago, 978 A.2d 349 (Pa. 2009). We conclude that Appellant's counsel has complied with the procedural requirements necessary to affect withdrawal. Moreover, after independently reviewing the record, we conclude that the instant appeal is wholly frivolous. We, therefore, grant counsel's petition for leave to withdraw and affirm Appellant's judgment of sentence.

On July 10, 2017, Appellant entered a negotiated guilty plea to persons not to possess firearms, simple assault, resisting arrest, and possession of

_____
* Retired Senior Judge assigned to the Superior Court.

drug paraphernalia.[1]  In exchange for his plea, the Commonwealth agreed to recommend an aggregate sentence of three to ten years in prison.  N.T. Guilty Plea Hearing, 7/10/17, at 2.  That day, the trial court accepted Appellant's plea and sentenced Appellant to serve the recommended term of imprisonment.  Id. at 3-4.

Appellant filed a timely notice of appeal.  On appeal, Appellant's court-appointed counsel filed a petition for leave to withdraw and counsel accompanied this petition with an Anders brief.  The Anders brief raises one claim:

> [S]hould [Appellant] be granted a lesser sentence than the [three to ten] years of state incarceration imposed[?]

Anders Brief at 9.

Before reviewing the merits of this appeal, this Court must first determine whether appointed counsel has fulfilled the necessary procedural requirements for withdrawing as counsel.  Commonwealth v. Miller, 715 A.2d 1203, 1207 (Pa. Super. 1998).

To withdraw under Anders, court-appointed counsel must satisfy certain technical requirements.  First, counsel must "petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous."

_____

[1] 18 Pa.C.S.A. §§ 6105(a)(1), 2702(a)(1), and 5104 and 35 P.S. § 780-113(a)(32), respectively.

Miller, 715 A.2d at 1207. Second, counsel must file an Anders brief, in which counsel:

> (1) provide[s] a summary of the procedural history and facts, with citations to the record; (2) refer[s] to anything in the record that counsel believes arguably supports the appeal; (3) set[s] forth counsel's conclusion that the appeal is frivolous; and (4) state[s] counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

Santiago, 978 A.2d at 361.

Finally, counsel must furnish a copy of the Anders brief to his or her client and advise the client "of [the client's] right to retain new counsel, proceed pro se or raise any additional points worthy of this Court's attention." Commonwealth v. Woods, 939 A.2d 896, 898 (Pa. Super. 2007).

If counsel meets all of the above obligations, "it then becomes the responsibility of the reviewing court to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous." Santiago, 978 A.2d at 355 n.5; see also Commonwealth v. Yorgey, ___ A.3d ___, 2018 WL 2346441, at *5 (Pa. Super. 2018) (en banc) (holding that the Anders procedure requires this Court to review "the entire record with consideration first of the issues raised by counsel. . . . [T]his review does not require this Court to act as counsel or otherwise advocate on behalf of a party. Rather, it requires us only to conduct a review of the record to ascertain if[,] on its face, there are non-frivolous issues that counsel, intentionally or not, missed or misstated. We need not

analyze those issues of arguable merit; just identify them, deny the motion to withdraw, and order counsel to analyze them"). It is only when all of the procedural and substantive requirements are satisfied that counsel will be permitted to withdraw.

In the case at bar, counsel complied with all of the above procedural obligations.[2] We must, therefore, review the entire record and analyze whether this appeal is, in fact, wholly frivolous. Our review begins with the claim Appellant raises in his brief.

On appeal, Appellant claims that the trial court abused its discretion by imposing a harsh and excessive sentence. Appellant's Brief at 11. Appellant's claim on appeal is a challenge to the discretionary aspects of his sentence.

"[S]entencing is a matter vested in the sound discretion of the sentencing judge, whose judgment will not be disturbed absent an abuse of discretion." Commonwealth v. Ritchey, 779 A.2d 1183, 1185 (Pa. Super. 2001). Moreover, pursuant to statute, Appellant does not have an automatic

_____

[2] Appellant's counsel had difficulty complying with Anders. See Superior Court Order, 3/1/18, at 1 (noting that counsel only filed an Anders brief in this Court and that counsel failed to comply with the other procedural requirements necessary to effect withdraw; we directed that counsel file a petition to withdraw and a copy of the letter to Appellant, advising Appellant of his rights); Superior Court Order, 3/14/18, at 1 (striking counsel's Anders brief because counsel failed to comply with our March 1, 2018 order); Superior Court Order, 5/9/18, at 1-2 (striking counsel's petition to withdraw and issuing a detailed order, which instructed counsel on the proper Anders procedure). However, on May 24, 2018, Appellant's counsel finally filed a proper petition to withdraw, furnished a copy of the Anders brief to Appellant, and attached to his petition a copy of the requisite letter to Appellant, advising Appellant of his rights. See Amended Application to Withdraw, 5/24/18, at 1-3.

right to appeal the discretionary aspects of his sentence. See 42 Pa.C.S.A. § 9781(b). Instead, Appellant must petition this Court for permission to appeal the discretionary aspects of his sentence. Id.

As this Court explained:

> [t]o reach the merits of a discretionary sentencing issue, we conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, Pa.R.A.P. 902, 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, [42 Pa.C.S.A.] § 9781(b).

Commonwealth v. Cook, 941 A.2d 7, 11 (Pa. Super. 2007).

In the case at bar, Appellant did not object to his sentence at the sentencing hearing and Appellant did not file a post-sentence motion. Therefore, Appellant waived any challenge to the discretionary aspects of his sentence. Pa.R.Crim.P. 720; Pa.R.A.P. 302(a) ("[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal"). Further, since the claim on appeal is waived, the claim is frivolous under Anders. Commonwealth v. Tukhi, 149 A.3d 881, 888-889 (Pa. Super. 2016) (holding that, under Anders, "[a]n issue that is waived is frivolous"); Commonwealth v. Kalichak, 943 A.3d 285, 291 (Pa. Super. 2008) (holding: "this issue has been waived. Having been waived, pursuing this matter on direct appeal is frivolous").

We have independently considered the issue raised within Appellant's brief and we have determined that the claim is frivolous. In addition, after an independent review of the entire record, we see nothing that might arguably support this appeal. The appeal is therefore wholly frivolous. Accordingly, we affirm Appellant's judgment of sentence and grant counsel's petition for leave to withdraw.

Petitions for leave to withdraw appearance granted. Judgment of sentence affirmed. Jurisdiction relinquished.

Judge McLaughlin joins and files a concurring memorandum in which Olson, J. and Strassburger, J. join.

Judge Strassburger joins the memorandum.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/14/2018