J-S08029-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ALONSO ANTHONY BLUE, | : | |
| | : | |
| Appellant. | : | No. 2427 EDA 2018 |

Appeal from the Judgment of Sentence Entered, June 29, 2018,
in the Court of Common Pleas of Lehigh County,
Criminal Division at No(s): CP-39-CR-0002393-2017.

BEFORE:   BENDER, P.J.E., KUNSELMAN, J., and STEVENS*, P.J.E.

MEMORANDUM BY KUNSELMAN, J.:                **FILED MAY 10, 2019**

Alonso Blue appeals from the judgment of sentence imposed after entering a guilty plea to third-degree murder and robbery[1]. The court imposed an aggregate sentence of 30 to 60 years in prison. Blue challenges the discretionary aspects of his sentence. Upon review, we affirm.

The pertinent facts and procedure history are as follows: Blue contacted George Concepcion, the victim, after seeing an advertisement for an Xbox for sale. When Blue met with the victim to supposedly buy the Xbox, Blue instead pulled out a gun with the intention of robbing the victim. The victim did not comply and a struggle ensued. During the fight, Blue fired the gun two times. One bullet struck the victim in the back resulting in his death.

---

[1] 18 Pa.C.S.A. §§ 2502(c) and 3701(a)(1)(ii).

---

The trial court sentenced Blue on June 29, 2018, after he entered an open guilty plea. The court sentenced him to serve no less than 20 years nor more than 40 years imprisonment on the murder charge, and 10 to 20 years' incarceration on the robbery charge. The court ordered these sentences to run consecutively. Blue filed a motion to modify sentence which the trial court denied on July 10, 2018. This timely appeal follows. Both Blue and the trial court have complied with Pa.R.A.P. 1925.

Blue raises one issue for our review. He challenges the discretionary aspects of sentencing. He claims his sentence is manifestly unreasonable because the trial court (1) failed to consider mitigating factors, (2) offered insufficient reasons for the sentence it imposed, and (3) offered reasons that "were matters already considered as part of the Sentencing Guidelines." Blue's Brief at 10.[2]

"A challenge to the discretionary aspects of a sentence must be considered a petition for permission to appeal, as the right to pursue such a claim is not absolute." *Commonwealth v. McAfee*, 849 A.2d 270, 274 (Pa. Super. 2004) (citation omitted). An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:

> (1) whether appellant has filed a timely notice of appeal, see Pa.R.A.P. 902 and 903; (2) whether the issue was

---

[2] The Commonwealth asserts that Blue's counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 744 (1967), asserting this appeal is frivolous. The Commonwealth is mistaken. Blue's counsel filed an advocate brief on Blue's behalf.

properly preserved at sentencing or in a motion to reconsider and modify sentence, see Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42. Pa.C.S.A. § 9781(b).

***Commonwealth v. Moury***, 992 A.2d 162, 170 (Pa. Super. 2010) (citation omitted; brackets in original).

Blue filed a timely appeal, properly preserved his sentencing issue, and provided the requisite Rule 2119(f) statement. Thus, we must determine whether he has raised a substantial question.

The presence of a substantial question is determined on a case-by-case basis and only exists when the appellant advances a colorful argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process. ***Commonwealth v. Diehl***, 140 A.3d 34, 44-45 (Pa. Super. 2016) (citations omitted).

This Court has held that "an excessive sentence claim—in conjunction with an assertion that the court failed to consider mitigating factors—raises a substantial question." ***Commonwealth v. Swope***, 123 A.3d 333, 339 (Pa. Super. 2015) (citation omitted). Moreover, an allegation that the trial court failed to provide sufficient reasons for a sentence also raises a substantial question. ***Commonwealth v. Ritchey***, 779 A.2d 1183, 1186 (Pa. Super. 2001) (concluding that "claims that the sentencing court provided insufficient reasons for the sentence imposed" constitute a substantial question). Thus, we conclude that Blue has raised a substantial question for our review.

The following principles apply to our substantive review of Blue's claim. Our review is very narrow and "[i]f the sentencing court, after considering the appropriate section 9721 sentencing factors, states valid reasons for its sentence, which are supported by the record, this Court must affirm the decision even if the particular panel does not agree with the weight the sentencing court accorded them." *Commonwealth v. Marts*, 889 A.2d 608, 616 (Pa. Super. 2005). "When reviewing sentencing matters, this Court must accord the sentencing court great weight as it is in the best position to view the defendant's character, displays of remorse, defiance or indifference, and the overall effect and nature of the crime." *Commonwealth v. Ventura*, 975 A.2d 1128, 1134 (Pa. Super. 2009). "We cannot re-weigh the sentencing factors and impose our judgment in the place of the sentencing court." *Commonwealth v. Macias*, 968 A.2d 773, 778 (Pa. Super. 2009). Rather, we review the trial court's determination for an abuse of discretion.

> In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Antidormi*, 84 A.3d 736, 760 (Pa. Super. 2014).

A trial court's sentence "should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S.A. § 9721(b). "When imposing sentence,

a court is required to consider the particular circumstances of the offense and the character of the defendant. In considering these factors, the court should refer to the defendant's prior criminal record, age, personal characteristics and potential for rehabilitation." *Id.* at 761 (citations and quotation marks omitted).

Blue asserts that the sentencing court "gave only lip service to any review of consideration of mitigating factors and refused to consider significant mitigating factors" when it imposed his sentence. Blue's Brief at 10. He also contends that the reasons articulated by the sentencing court were insufficient for the sentence imposed for both charges. In support of his contention Blue argues that:

> [He] freely admitted his involvement in this tragic incident and expressed his sympathy for the victim's family. He tried his best as he could to explain why he took the gun with them when all he wanted to try and do was to steal the Xbox and how it was not his intent to harm the victim. However, the [c]ourt nonetheless felt it necessary to impose the [lengthiest] sentence possible pursuant to the plea agreement and sought to justify it through referring to [Blue's] prior criminal history and his danger to the community. The record does not support any evidence that [Blue] had a prior record that would support an aggravation and increase in a sentence in this case. The [PSI] indicated that his only adult offenses were summary offenses . . . There was no evidence of any history of violence or threatening behavior. There was no evidence that the robbery and homicide occurred as a result of any sort of gang activity and was anything other than a tragic mistake.

Blue's Brief at 16-17.

Our review of the record indicates that the sentencing court was made aware of, and properly considered, all relevant factors in fashioning Blue's sentence. First, the court conducted Blue's sentencing hearing after it ordered and reviewed a presentence investigation report (PSI). We presume that when a sentencing court reviews a PSI, that the court properly considered and weighed all relevant factors in crafting a defendant's sentence. *See Commonwealth v. Baker*, 72 A.3d 652, 663 (Pa. Super. 2013). Hence, we begin our review of Blue's issues with the presumption the sentencing court here weighed all relevant factors, including mitigating factors, concerning him appropriately.

Defense counsel presented testimony from Blue's mother, Selina Blue. She testified that Blue had a difficult childhood and adolescence, with the absence of his father, school troubles, and Ms. Blue's two bouts with cancer. N.T. Sentencing Hearing, 6/29/18, at 18-21. She also testified that upon Blue's release from prison, she planned on supporting him as he reentered society. *Id*. at 22. Blue also made a statement to the court, apologizing to the victim's family for his actions. *Id*. at 24. Defense counsel also informed the court that Blue accepted responsibility for his crime, understood he had to face the consequences for what he did, and that he was only 20 years old. *Id*. at 26-27.

During the Commonwealth's sentencing presentation, Erica Claudio and Tatiliana Solana, the victim's aunt and cousin respectively, each read a written statement describing the suffering their family endured at the loss of the

victim. *Id*. at 10-13. The Commonwealth closed by reiterating the theme of this case; that the victim was dead over an Xbox. *Id*. at 28.

After the parties concluded their presentations, the court expressed its rationale for imposing the maximum penalty for Blue's robbery charge. It reasoned, that "(1) the Robbery resulted in a homicide; (2) [Blue] is a danger to the community; (3) [Blue's] conduct caused the death of another person; and (4) as a result of the plea agreement, [Blue] was not exposed to a life sentence." *Id*. at 31.

In its order denying Blue's motion to modify, the sentencing court further explained its reasons for fashioning a lengthy sentence:

> Indeed, this [c]ourt was aware of all of the information contained therein, including [Blue's] prior record score of zero which included only two minor misdemeanor adjudications as a juvenile; the fact that [Blue] was twenty (20) years old at the time of the offense; [Blue's] acceptance of responsibility; [Blue] has a lovely and supportive family; and the mitigation evidence provided…

Order, 8/11/2018, at 3 n.1.[3]

Based on our review of the transcript of Blue's sentencing hearing, and of the reasons provided by the sentencing court in its order denying Blue's motion to modify, we are convinced that the court considered all of the relevant factors in fashioning Blue's sentence. Ultimately, the court found that the gravity of the offense and Blue's risk to the community warranted a

---

[3] In its Rule 1925(a) opinion, the trial court referred to the footnote to its prior order as addressing "all of the matters" in Blue's Rule 1925(b) statement. Trial Court Opinion, 9/6/18, at 2.

lengthy term of imprisonment. We acknowledge that the court imposed the maximum sentence as allowed by law. However, this Court may not find an abuse of discretion merely because we may have reached a different conclusion. **Commonwealth v. Walls**, 926 A.2d 957, 961 (Pa. 2007) (citation omitted). The record does not show "that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice or ill-will." **Id.** As such, we ascertain no abuse of discretion or error of law on the part of the sentencing court in its determination. Accordingly, we affirm Blue's judgment of sentence.

Judgment of sentence affirmed.

P.J.E. Bender joins the memorandum.

P.J.E. Stevens files a concurring memorandum.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/10/19