J-S45007-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                                         :             PENNSYLVANIA
                               :
               v.                      :
                               :
                               :
LEONARDO PAGAN ACEVEDO       :
                               :
          Appellant          :     No. 197 MDA 2024

Appeal from the Judgment of Sentence Entered January 4, 2024
In the Court of Common Pleas of Tioga County Criminal Division at
No(s): CP-59-CR-0000348-2022

BEFORE: OLSON, J., DUBOW, J., and McLAUGHLIN, J.

MEMORANDUM BY OLSON, J.:         **FILED: DECEMBER 31, 2024**

Appellant, Leonardo Pagan Acevedo, appeals from the judgment of sentence entered on January 4, 2024, as made final by the denial of Appellant's post-sentence motion on January 4, 2024. We affirm.

Appellant pleaded guilty to third-degree murder. During the plea colloquy, Appellant admitted to the following facts:

> On [August 26, 2022, Appellant] committed a killing with malice either intentionally or by consciously disregarding an unjustified and extremely high risk[] that his actions might cause death or serious bodily injury . . . by firing a round from a [45-]caliber handgun into the back of Jesus Santiago. The bullet traveled through the back of Mr. Santiago and out of his abdomen, ultimately causing his death.

N.T. Guilty Plea Hearing, 10/19/23, at 18.

On December 13, 2023, the trial court sentenced Appellant to serve a term of 15 to 35 years in prison for his third-degree murder conviction.[1]  N.T. Sentencing, 12/13/23, at 35.  This sentence falls within the standard range of the sentencing guidelines.  ***See id.***

Appellant filed a timely post-sentence motion, where he claimed that his sentence was excessive because the trial court:  "fail[ed] to consider [Appellant's] absolute lack of a prior record, as well as his acceptance of responsibility and remorse" and also did not consider "the subordinate nature of his participation to Denissa Alvarez Martinez who clearly planned and orchestrated the incident."  Appellant's Post-Sentence Motion, 12/18/23, at 1-2.

The trial court denied Appellant's post-sentence motion on January 4, 2024 and Appellant filed a timely notice of appeal.  Appellant raises the following claim on appeal:

> Whether the trial court abused its discretion when imposing sentence when it focused almost exclusively on the serious nature of the offense and failed to impose an individualized sentence and/or otherwise failed to give any meaningful consideration [to] the statutory sentencing factors?

Appellant's Brief at 4.

_____

[1] On January 4, 2024, the trial court entered an amended sentencing order, which added the following, additional term to Appellant's judgment of sentence:  "Pursuant to [61 Pa.C.S.A. § 6137.2, Appellant] shall be subject to [12] months of reentry supervision, which shall be consecutive to the foregoing term of incarceration."  Amended Sentencing Order, 1/4/24, at 1 (emphasis and some capitalization omitted).

Appellant's claim challenges the discretionary aspects of his sentence. "[S]entencing is a matter vested in the sound discretion of the sentencing judge, whose judgment will not be disturbed absent an abuse of discretion." *Commonwealth v. Ritchey*, 779 A.2d 1183, 1185 (Pa. Super. 2001). Pursuant to statute, Appellant does not have an automatic right to appeal the discretionary aspects of his sentence. *See* 42 Pa.C.S.A. § 9781(b). Instead, Appellant must petition this Court for permission to appeal the discretionary aspects of his sentence. *Id.*

As this Court explained:

> [t]o reach the merits of a discretionary sentencing issue, we conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, Pa.R.A.P. 902, 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, [42 Pa.C.S.A.] § 9781(b).

*Commonwealth v. Cook*, 941 A.2d 7, 11 (Pa. Super. 2007).

Generally, to raise a substantial question, an appellant must "advance a colorable argument that the trial judge's actions were: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Commonwealth v. McKiel*, 629 A.2d 1012, 1013 (Pa. Super. 1993); *Commonwealth v. Goggins*, 748 A.2d 721, 726 (Pa. Super. 2000) (*en banc*). Moreover, in determining whether an appellant has raised a substantial question, we must limit our review to

- 3 -

Appellant's Rule 2119(f) statement. *Goggins*, 748 A.2d at 726. This limitation ensures that our inquiry remains "focus[ed] on the reasons for which the appeal is sought, in contrast to the facts underlying the appeal, which are necessary only to decide the appeal on the merits." *Id.* at 727 (emphasis omitted).

Within Appellant's brief to this Court, Appellant claims that the trial court abused its discretion at sentencing because the trial court "focused almost exclusively on the seriousness of the offense" and the trial court failed to consider certain mitigating factors, including: Appellant's age, Appellant's lack of prior criminal history, Appellant's acceptance of responsibility, and the circumstances surrounding the offense. Appellant's Brief at 8.

Within Appellant's post-sentence motion, Appellant did not claim that the trial court erred when it "focused almost exclusively on the seriousness of the offense." *See id.*; *see also* Appellant's Post-Sentence Motion, 12/18/23, at 1-2. Therefore, this particular claim is waived. *See* Pa.R.Crim.P. 720; Pa.R.A.P. 302(a) ("[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal"); *Commonwealth v. Cartrette*, 83 A.3d 1030, 1042 (Pa. Super. 2013) (*en banc*) ("issues challenging the discretionary aspects of a sentence must be raised in a post-sentence motion or by presenting the claim to the trial court during the sentencing proceedings. Absent such efforts, an objection to a discretionary aspect of a sentence is waived").

Appellant also claims that the trial court abused its discretion because it failed to consider certain mitigating circumstances at sentencing. ***See*** Appellant's Brief at 8. However, as this Court has held: "an allegation that the [trial] court did not consider certain mitigating factors does not raise a substantial question." ***Commonwealth v. McNabb***, 819 A.2d 54, 57 (Pa. Super. 2003); ***see also Commonwealth v. Johnson***, 961 A.2d 877, 880 (Pa. Super. 2008) (stating, "an allegation that a sentencing court failed to consider or did not adequately consider certain [mitigating] factors does not raise a substantial question that the sentence was inappropriate"), *appeal denied*, 968 A.2d 1280 (Pa. 2009).

Appellant's discretionary aspect of sentencing claims on appeal are thus either waived or do not raise a substantial question. Therefore, we are not permitted to review the merits of his challenges to the discretionary aspects of his sentence.

Judgment of sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

_____
Benjamin D. Kohler, Esq.
Prothonotary

Date: 12/31/2024

- 5 -