J-S04012-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| RASHEEM MILLER | : | |
| Appellant | : | No. 1279 EDA 2024 |

Appeal from the Judgment of Sentence Entered April 4, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0003371-2018

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| RASHEEM MILLER | : | |
| Appellant | : | No. 1296 EDA 2024 |

Appeal from the Judgment of Sentence Entered April 4, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0003365-2018

BEFORE: OLSON, J., STABILE, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY OLSON, J.:                    **FILED MARCH 3, 2025**

Appellant, Rasheem Miller, appeals from the judgment of sentence entered on April 4, 2024, in the Criminal Division of the Court of Common Pleas of Philadelphia County. We affirm.

_____

[*] Retired Senior Judge assigned to the Superior Court.

The trial court summarized the facts and procedural history of this case as follows.

> On April 17, 2018, Appellant was arrested and charged with two separate counts of criminal trespass - enter structure, theft by unlaw[ful] taking - movable property, receiving stolen property, and burglary - not adapted for overnight accommodation, no person present. On June 27, 2018, appellant entered [a negotiated guilty plea] to one count of burglary – not adapted for overnight accommodation, no person present [(18 Pa.C.S.A. § 3502(a)(4))], graded as a second-degree felony, on each docket. Judge Rayford A. Means sentenced Appellant to nine to twenty-three months of incarceration followed by three years of reporting probation on each docket to run concurrently.

> On October 29, 2018, Appellant filed a motion for early release on parole. The motion was granted on November 8, 2018. Appellant's parole period [ran from] November 29, 2018 to March 16, 2020. Appellant's [probationary sentence ran] from March 16, 2020, to March 16, 2023. Appellant was released from incarceration on November 29, 2018[, when he was] transferred by [the] sheriff to Guadenzia Together House - Dual Diagnosis Inpatient. The same day that Appellant was transferred to Guadenzia, he left the facility without permission and did not complete his intake assessment.

> On December 10, 2018, wanted cards were issued [because Appellant absconded from authorities]. Appellant returned to [custody in] Philadelphia County [following] a new arrest. A detainer was lodged on January 9, 2019, and a motion to lift the detainer was denied. On April 3, 2019, Appellant's violation of probation for [incurring new charges] was heard, and Judge Means continued his parole and probation. The detainer for his violation of probation was lifted[; however, Appellant remained in custody due to other criminal matters]. He was released from custody [] on December 27, 2021. The only time Appellant reported to Adult Parole and Probation was on December 28, 2021. Thereafter, Appellant missed his next scheduled meeting and did not contact Adult Parole and Probation. Subsequently, wanted cards were issued on June 6, 2022.

Appellant returned to [the custody of Philadelphia County officials] on November 25, 2022, [following a new arrest]. His detainer was lifted by motion on December 2, 2022. Following his release, Appellant reported to Adult Parole and Probation twice, the last date being December 17, 2022.

Appellant failed to [appear] at his violation of probation hearing on January 27, 2023, resulting in a [judge-only] bench warrant being issued. Appellant returned to custody [because of] the bench warrant on December 202, 2023. On December 22, 2023, at a **Gagnon I** and **II**[1] hearing, the bench warrant was lifted, and a detainer was lodged.

On April 4, 2024, [the trial court] found Appellant in technical violation of his probation. On the same day, Appellant's probation was revoked, and he was resentenced to nine to eighteen months of incarceration on each matter to run consecutively to each other, totaling one and a half to three years of incarceration.

Appellant filed a post-sentence motion to reconsider the sentence on April 15, 2024. [Appellant] then filed a notice of appeal to [this Court on] May 3, 2024. [The trial court] denied [Appellant's] motion to reconsider the sentence on May 3, 2024.[2]

Trial Court Opinion, 7/2/24, at 2-4.

Appellant raises the following question for our review.

Did the trial court impose a sentence that was manifestly excessive and an abuse of discretion, insofar as it failed to abide by the requirements of the Sentencing Code and the specific restrictions of 42 Pa.C.S. § 9771(c)?

Appellant's Brief at 3.

Appellant maintains that the trial court revoked his probation on purely technical grounds and abused its discretion by imposing an excessive penalty

---

[1] **Gagnon v. Scarpelli**, 411 U.S. 778 (1973).

[2] Both the trial court and Appellant have complied with Pa.R.A.P. 1925.

that failed to take into account the principles set forth in the Sentencing Code at 42 Pa.C.S.A. §§ 9721 and 9771(c).  **See** Appellant's Brief at 3 and 10.  Succinctly stated, the thrust of Appellant's claim is that his probation violation was driven by a long-term and continuing cocaine addiction, aggravated by housing instability and family tragedy, not scorn for the authority of the court, as the sentencing judge determined.  **See** Appellant's Brief at 20.  After careful review, we are unable to conclude that the trial court's assessment of the factors which lead Appellant to violate the conditions of his probation resulted from partiality, prejudice, bias, or ill-will.  As such, we cannot agree that the court's sentencing decision was manifestly unreasonable under the circumstances.  Moreover, since the trial court imposed its penalty in accordance with the version of Section 9771 which was in effect at the time of sentencing, we cannot say that the court's determination ran afoul of the Sentencing Code.  **See Commonwealth v. Lennox**, 326 A.3d 452, *3 n.1 (Pa. Super. 2024) (non-precedential decision) (noting that, while recent amendments to Section 9771(c), made effective June 11, 2024, created a presumption against total confinement for technical violations of probation, and permitted incarceration only in limited circumstances, the Statutory Construction Act compelled the conclusion that the amendments applied prospectively in the absence of language demonstrating a legislative

preference for retroactive application).[3]  As such, Appellant is not entitled to relief.

Appellant's claim challenges the discretionary aspects of his sentence. When confronted with such a challenge, this Court has previously explained:

It is well-settled that "the right to appeal a discretionary aspect of sentence is not absolute." *Commonwealth v. Dunphy*, 20 A.3d 1215, 1220 (Pa. Super. 2011).  Rather, where an appellant challenges the discretionary aspects of a sentence, we should regard his[, or her,] appeal as a petition for allowance of appeal. *Commonwealth v. W.H.M.*, 932 A.2d 155, 162 (Pa. Super. 2007). As we stated in *Commonwealth v. Moury*, 992 A.2d 162 (Pa. Super. 2010):

An appellant challenging the discretionary aspects of his[, or her,] sentence must invoke this Court's jurisdiction by satisfying a four-part test:

We conduct a four-part analysis to determine: (1) whether appellant [] filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, [*see*] Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

[*Moury*, 992 A.2d] at 170 [(citation omitted)].

*Commonwealth v. Hill*, 210 A.3d 1104, 1116 (Pa. Super. 2019) (original brackets omitted).

_____

[3] Non-precedential decisions filed by this Court after May 1, 2019 may be cited for their persuasive value.  *See* Pa.R.A.P. 126(b).

Appellant satisfied the first three requirements to invoke this Court's jurisdiction by filing a timely notice of appeal, preserving his discretionary sentencing challenge in a timely post-sentence motion, and including a Rule 2119(f) statement in his appellate brief. **See** Appellant's Brief at 3-4 and 9-10. Thus, we turn to whether Appellant presents a substantial question. A substantial question exists when an appellant raises a colorable argument that the sentence imposed is either (1) "inconsistent with a specific provision of the sentencing code" or (2) is "contrary to the fundamental norms which underlie the sentencing process." **Commonwealth v. Mastromarino**, 2 A.3d 581, 585 (Pa. Super. 2010) (citation omitted), *appeal denied*, 14 A.3d 825 (Pa. 2011). This issue is evaluated on a case-by-case basis. **Id.** at 587 (citation omitted). This Court will not look beyond the statement of questions involved and the prefatory Rule 2119(f) statement to determine whether a substantial question exists. **Commonwealth v. Radecki**, 180 A.3d 441, 468 (Pa. Super. 2018) (citation omitted). Moreover, for purposes of determining what constitutes a substantial question, "we do not accept bald assertions of sentencing errors," but rather require an appellant to "articulat[e] the way in which the court's actions violated the sentencing code." **Commonwealth v. Malovich**, 903 A.2d 1247, 1252 (Pa. 2006).

In his Rule 2119(f) statement, Appellant contends that the trial court abused its discretion by imposing an excessive sentence which "failed to articulate the factors under the sentencing code [upon which it relied], applied the [referenced factors] improperly, and ignored factors it was required to

- 6 -

consider." Appellant's Brief at 10. These contentions raise substantial questions for our review. *See Commonwealth v. Goggins*, 748 A.2d 721, 727 (Pa. Super. 2000) (appellant raises a substantial question where he sets forth "a plausible argument that procedures followed by the sentencing court were either inconsistent with a specific provision of the sentencing code or contrary to the fundamental norms underlying the sentencing process").

Our standard of review governing the claims raised by Appellant holds that "sentencing is a matter vested in the sound discretion of the sentencing judge, whose judgment will not be disturbed absent an abuse of discretion." *Commonwealth v. Ritchey*, 779 A.2d 1183, 1185 (Pa. Super. 2001). This Court has observed:

> An abuse of discretion is more than a mere error of judgment; thus, a sentencing court will not have abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will. In more expansive terms, our Court [has explained]: An abuse of discretion may not be found merely because an appellate court might have reached a different conclusion, but requires a result of manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous.
>
> The rationale behind such broad discretion and the concomitantly deferential standard of appellate review is that the sentencing court is in the best position to determine the proper penalty for a particular offense based upon an evaluation of the individual circumstances before it.

*Moury*, 992 A.2d at 169–170 (internal citation and brackets omitted).

When undertaking appellate review of a sentence, we also adhere to 42 Pa.C.S.A. § 9781, which provides, in pertinent part:

- 7 -

(d) **Review of record.--**In reviewing the record the appellate court shall have regard for:

> (1) The nature and circumstances of the offense and the history and characteristics of the defendant.
>
> (2) The opportunity of the sentencing court to observe the defendant, including any presentence investigation.
>
> (3) The findings upon which the sentence was based.
>
> (4) The guidelines promulgated by the commission.[4]

42 Pa.C.S.A. § 9781(d).

The trial court "shall make as a part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed" considering "the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S.A. § 9721(b). The trial court "is not required to parrot the words of the Sentencing Code, stating every factor that must be considered under Section 9721(b)[, h]owever, the record as a whole must reflect due consideration by the court of the statutory considerations" at the time of sentencing. *Commonwealth v. Bullock*, 170 A.3d 1109, 1126 (Pa. Super. 2017), *citing Commonwealth v. Coulverson*, 34 A.3d 135, 145 (Pa. Super. 2011).

In its Rule 1925(a) opinion, the trial offered an extensive explanation of its sentencing choice.

---

[4] Sentencing guidelines promulgated by the sentencing commission do not apply in the context of revocation proceedings. *See Commonwealth v. Cartrette*, 83 A.3d 1030, 1040 (Pa. Super. 2013).

[The trial court's sentence of] total confinement was essential to vindicate the authority of the court. Appellant's history of engagement with Adult Parole and Probation demonstrates his lack of ability or desire to acquiesce to the Court's authority.

Section 9771(b) permits revocation of an order of probation "upon proof of the violation of specified conditions of the probation." 42 Pa.C.S.A. § 9771(b) (hereinafter "Section 9771"). A trial court must find, "based on the preponderance of the evidence, that the probationer violated a specific condition of probation or committed a new crime[,]" before it may revoke probation. ***Commonwealth v. Parson***, 259 A.3d 1012, 1019 (Pa. Super. 2021).

Upon revoking probation, a sentencing court may choose from any of the sentencing options that existed at the time of the original sentencing, including incarceration. ***See*** 42 Pa.C.S.A. § 9771(b). However, the imposition of total confinement upon revocation requires a finding that either "(1) the defendant has been convicted of another crime; or (2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned[;] or (3) such a sentence is essential to vindicate the authority of the court." 42 Pa.C.S.A. § 9771(b); ***Commonwealth v. Swope***, 123 A.3d 333, 338 (Pa. Super. 2015) (footnote omitted).

In accordance with Section 9771(b), the sentence imposed was within the sentencing options that existed at the time of Appellant's original sentencing. The sentencing guidelines at Appellant's original sentence were twelve to eighteen months of incarceration plus or minus three months for aggravation or mitigation.

In complying with Section 9771(c), the trial court found the sentence of total confinement "essential to vindicate the authority of the court." 42 Pa.C.S.A. § 9771(c)(3). Appellant absconded for two days shy of two years. Appellant was given multiple opportunities to show [the trial court] his respect for the authority of [the court] and his ability to be supervised in the community. The court paroled Appellant to Gaudenzia Together House - Dual Diagnosis Inpatient to help with his substance abuse issues. Appellant left the facility the same day he was transferred there. During the time he [absconded,] he was charged and later convicted of three first-degree felonies for burglary. [A] second opportunity was given to Appellant when his parole and probation

was continued at a violation hearing. Appellant only appeared at Adult Parole and Probation one time before absconding again, this time for just short of one year. He was returned to [custody in Philadelphia County] because of a new arrest. A third opportunity was given to Appellant when the court agreed to lift his detainer. Appellant further showed his disregard for [the trial court's] authority when he failed to appear at his violation hearing on January 27, 2023. Appellant was eventually brought [to court after the issuance of a bench warrant].

Appellant was not able to abide by the terms of his original parole and probation, committing crimes and absconding multiple times, [and] demonstrating a blatant disregard for [the court's] authority. Appellant does not respect the authority of the court and had no intention of ceasing criminal activity. It was incumbent on Appellant to reach out to Adult Parole and Probation. Appellant made no effort to adhere to his conditions of parole or subject himself to the authority of the court. He would have continued to pose a threat to public safety if not confined. Consequently, [the trial c]ourt's sentence was essential to vindicate the authority of the court.

[At the time of resentencing, the trial court properly relied on 42 Pa.C.S.A. § 9771(c)(3) which, at the time, allowed the imposition of a sentence of total confinement upon revocation if the court determined that such a sentence was essential to vindicate the authority of the court. Because the trial court determined, based upon the history and gravity of Appellant's conduct, the need to protect the community, and the comments of counsel at sentencing, that a sentence of total confinement was essential to vindicate the court's authority, the court imposed a revocation sentence which directed Appellant to serve an aggregate term of one and one-half to three years in state prison.]

Trial Court Opinion, 7/2/24, at 4-10 cleaned-up; emphasis in original).

When the trial court's sentencing decision is assessed under the version of Section 9771(c) that was in effect at the time of sentencing, we agree that the trial court acted within the scope of its discretion in finding that a sentence of total incarceration (in this case, one and one-half to three years in state

- 10 -

prison) was essential to vindicate the authority of the court. We therefore discern no abuse of discretion on the part of the trial court and conclude that Appellant's claims merit no relief.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 3/3/2025